WILLIAMS *v.* STATE.

[90 South. 886, No. 22364.]

CRIMINAL LAW. *Forgery. Defendant not present could only be convicted as accessory before the fact; instruction should define accessory before the fact.*

Where a person is indicted for a forgery, and the evidence shows he was not present aiding, assisting and encouraging the commission of the offense, and did not personally commit the alleged forgery, he can only be convicted of the offense charged on the theory that he was an accessory before the fact, under section 1026, Code of 1906 (Hemingway's Code, section 751), and in such case an instruction for the state which tells the jury that it is their duty to convict if he knew that another did the crime of forging the signature and

that he was a party to the forgery is erroneous. The instruction should define what constitutes an accessory before the fact or charge the elements necessary to make out the crime charged.

APPEAL from circuit court of Jones county.

HON. R. S. HALL, Judge.

Charley Williams was convicted of forgery, and he appeals. Reversed and remanded.

*B. F. Carter,* for appellant.

We insist that instruction No. 1 given for the state was erroneously given. It certainly is not the law, does not follow the law, is evasive and ambiguous, and very misleading, and not warranted by the testimony. By it the jury were told that if they believed that Charles Williams the defendant (appellant here) came into possession of the check and carried it and gave it to his wife and she carried it and forged the name Mrs. Mattie Butler, on it, and that the defendant had knowledge of this and was a party to the forgery, etc., and does not even attempt to state how he was a party to the forgery in any manner. The instruction is erroneous also because there is absolutely no testimony to warrant the giving of any such instruction. Not even a shadow of testimony that he ever carried the check and gave it to his wife or that he had any knowledge that his wife had forged the name of Mrs. Mattie Butler, on the check, or that he ever knew that there was any such endorsement placed or to be placed on the said check, nor is there any testimony that he was ever in possession of this check. And so we say the instruction is all wrong because not based on the law and the evidence. Instructions should be based on the evidence in the case, and not on suppositions, or prejudicial presumptions, and certainly there was no evidence to warrant the giving of this instruction, and it simply opened up the flood gates of suspicion, prejudice, and presumption, without which we say appellant would never have been convicted in this case.

*D. C. Enochs,* assistant attorney-general for the state.

The appellant complains that the lower court erred in granting the instruction for the state set out on page 6 of the record. The instruction, to my mind, is so accurately drawn under the law and facts of the case that it is not debatable. I think the main objection to this instruction is that opposing counsel believes the appellant should have been granted a peremptory instruction, and that there is no evidence to support this instruction in behalf of the state.

Ordinarily, when an instruction is alleged to be erroneous, there is something about it that may be debatable; but this instruction is so perfect to me, that I see no toehold for an argument. I submit that the instruction is valid and especially applicable to the facts in this case.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted for forgery, tried and convicted, and sentenced to the penitentiary. . The indictment charges the forgery of an indorsement upon a government check payable to Mrs. Mattie Butler for war risk insurance in favor of Mrs. Butler for the loss of her son in the World War. The facts disclosed in the trial were that the appellant and the minor son of Mrs. Butler met the mail carrier, and the appellant asked for his own mail and was told that he had none. He then asked for Mrs. Butler's mail and was given the envelope or letter containing the pay check. He tore the letter open in the presence of the mail carrier and called out the amount of money called for by the check. He then carried the letter to his home and turned it over to his wife, who carried it to a bank at Laurel, Miss., and presented it to be cashed. At the time of presentation it was not indorsed by the payee, and the paying teller instructed Mrs. Williams, the wife of the appellant, who presented the check that it would have to be indorsed, and it was then signed by Mrs. Williams as

follows: "Mrs. Mattie X Butler"—and witnessed by G. W.
Hosey and D. U. Maddox, and presented to the bank and
cashed. A few days thereafter Mrs. Mattie Butler, the
payee, called at the bank to know whether the check had
been cashed and was informed that it had. The federal
government sent its inspector to investigate, and he learned
from the mail carrier that the letter had been delivered to
the appellant. He then called upon the appellant, and the
appellant denied that he had received such a letter, but
claimed that he had received a pay check from the govern-
ment for himself on some account. Thereafter the appel-
lant and his wife were separately indicted for the forgery
of the check. When the appellant was indicted the deputy
sheriff went to arrest appellant and his wife, at which
time Mrs. Williams said: "Why they have got us both in-
dicted for the same thing, when you received the check and
I collected it." And the appellant said: "Yes." The ap-
pellant testified in his own behalf, but did not introduce his
wife as a witness. He testified that he was authorized to
receive the letter; that Mrs. Butler owed some neighbor
in whose care her mail usually came, and that it was his
custom to deduct from her monthly pay checks a portion
for his account against her, in which statement he is sup-
ported by the minor son of Mrs. Butler. Mrs. Butler tes-
tifies that she did not authorize him to receive her mail,
and that she had never received the money for this check.
The appellant testified that he did not receive a check
from the government to himself and denied making the
statement to the government inspector and to the deputy
sheriff.

The appellant assigns for error: First, the court erred in
admitting incompetent and improper evidence offered by
the state; second, the court erred in not admitting compe-
tent and proper evidence offered by the defendant; third,
that the court erred in refusing a peremptory instruction
for the defendant; and, fourth, that the court erred in
giving instruction No. 1 on behalf of the state. The first

two assignments of error are without merit. As to the third, the evidence is very close, and, as this assignment may not appear again on a new trial, and as the cause will be reversed for the giving of instruction No. 1, we do not pass upon the third assignment.

Instruction No. 1 reads as follows:

"The court instructs the jury for the state that, if you believe from the testimony in this case beyond a reasonable doubt that the defendant, Charley Williams, came into possession of a certain writing on paper purporting to be a government check of the tenor following, to wit: 'Washington, D. C. Treasury War Risk Insurance 54,927,042, March 1st, 1921. For February. Treasury of the United States. 15-51; Pay in dollars fifty-seven 50-100 dollars, $57.50. To the order of Mrs. Mattie Butler, Shubuta, Mississippi, R. D. 4. 1-108036. Mm. H. Holmes, Disbursing Clerk, by Deputy Disbursing Clerk. 11348. Objector which drawn o4197215 Insurance'—and that he then and there carried said check and gave it to his wife, Mrs. Charley Williams, and that the said Mrs. Charley Williams carried said check and presented it to the Commercial National Bank & Trust Company of Laurel, Miss., for payment, and that she, the said Mrs. Charley Williams, did then and there unlawfully, falsely, and feloniously make, forge, and counterfeit an indorsement thereon in the following words, to-wit: 'Mrs. Mattie Butler'— with the intent feloniously to injure and defraud the said Mrs. Mattie Butler and the Commercial Bank & Trust Company of Laurel, Miss., and that the defendant, Charley Williams, had knowledge of this and was a party to the forgery, then it is your sworn duty to find the defendant guilty as charged, even though you may believe that he did not write 'Mrs. Mattie Butler' on the back of said check."

The appellant was not at the bank at the time the forgery of the signature of Mrs. Butler was placed upon the check. If he was guilty of the offense charged, it was on the theory that he was an accessory before the fact. Section 1026, Code of 1906 (section 751, Hemingway's Code), provides as follows:

"Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted. and punished as such; and this whether the principal have been previously convicted or not."

The instruction above set out does not define what constitutes an accessory before the fact. It merely charges that, if the defendant had knowledge of the forgery as set out in the indictment above, and was a party to the forgery, "then it is your sworn duty to find him guilty as charged, even though you may believe that he did not write 'Mrs. Mattie Butler' on the back of the check."

The instruction does not charge that the jury must believe that the appellant, Williams, came into the possession of the check or writing feloniously or fraudulently, or with intent to defraud Mrs. Butler; nor does it charge that the jury must believe that he gave it to his wife with such intent or with any understanding or collusion with his wife for collecting or converting the funds to their own use. The knowledge of the forgery may have come to Williams after the forgery was consummated and the money collected, and he may have then become a party to the forgery or crime by concealing from Mrs. Butler the fact, and by concealing and condoning the forgery, and by participating in the use of the money so obtained. This would make him an accessory after the fact, which is a different offense from that with which he is charged. The instruction ought to define what it takes to make a party an accessory before the fact. To say that he had knowledge of the crime and was a party to the forgery is insufficient. This instruction does not charge nor state that the knowledge was a felonious knowledge, nor does the instruction anywhere embrace the idea conveyed by the word "feloniously" in so far as it affects the appellant. The participation in the crime, to constitute accessory before the fact, must exist either at the time of the forgery or before its consummation, and the instruction ought to define what it takes to constitute, as applied to the facts

involved, being a party to the forgery. The jury were left to determine for themselves without any rule of law what might make the defendant a party to the crime.

For the error indicated, the judgment will be reversed, and the cause remanded.

*Reversed and remanded.*