McKINNEY *v.* STATE.*

(Division B. May 10, 1926.)

[108 So. 282.   No. 25441.]

FORGERY.   *Where person was indicted for forgery and tried on theory*
     *of being accessory before fact, instruction defining forgery*
     *must express all statutory elements of such offense, including*
     *intent to defraud; intent to defraud some person is necessary*
     *element of forgery (Code 1906, section 1026; Hemingway's Code,*
     *section 751).*

     Where a person was indicted for forgery and tried on the theory
     of accessory before the fact under section 1026, Code of 1906
     (section 751, Hemingway's Code), an instruction defining the
     offense of forgery must express all of the statutory elements of
     that offense.   An intent to defraud some person is a necessary
     element, and the instruction must embrace this element in its
     definition of the offense.   *May* v. *State*, 115 Miss. 708, 76 So.
     638, cited.

     *Corpus Juris-Cyc. References: Forgery 26CJ, p. 897, n. 18; p. 903,
n. 91; p. 978, n. 60; p. 979, n. 90.

APPEAL from circuit court of Panola county.

HON. GREEK L. RICE, Judge.

Armstead McKinney was convicted of being an acces-
sory before the fact to the offense of forgery, and he ap-
peals.   Reversed and remanded.

*James B. Boyles,* for appellant.

I.   *The testimony of this girl, connecting the appel-
lant with her as a partner in this crime, is unreasonable
and improbable.*   The appellant was shown to be an
honest negro in his dealing and it is conclusive from the
evidence in this case that this girl and her mother who
never appeared in court for the protection of this girl,
falsely charged the appellant with aiding and assisting

her in the commission of this crime, and the proof is
wholly insufficient to warrant a conviction.

II.    *The court erred in granting the one instruction
given for the state.*    The indictment in this case was
drawn under section 1192, Code of 1906 (section 922
Hemingway's Code).    "Intent to defraud" is one of the
ingredients of this offense.    In the instruction given on
behalf of the state the jury was not informed that the
appellant must have aided and abetted in the commis-
sion of this offense with intent to defraud.    It is the in-
tent to defraud coupled with the other ingredients of the
statute that makes this offense punishable under the law.
The omission of the phrase "with intent to defraud"
was fatal error and calls for a reversal.    *May* v. *State,*
115 Miss. 708, 76 So. 636.

*Rufus Creekmore,* Assistant Attorney General, for
the state.

Counsel argues that the testimony is insufficient to
support the verdict.    It is true that the testimony of ac-
complices should be viewed by the jury with suspicion
and that it should be careful in receiving such testimony.
There is no reason, however, why such evidence is not
competent and why a conviction cannot be sustained on
this sort of evidence.    It is for the jury to pass on the
credibility of the witnesses and to give to their testi-
mony such weight as it is entitled to.    The jury did so
in this case and decided the case adversely to the con-
tentions of the defendant, and this court will not set
aside the verdict of the jury.

As to the error in the instruction in that it fails to
include the phrase "with intent to defraud," counsel
cites *May* v. *State,* 115 Miss. 708, 76 So. 638, which
passed on this precise point and holds that the giving
of an instruction like the one above which does not con-
tain this clause is error.    See also *Williams* v. *State,* 128

Miss. 271, 90 So. 885. With these two cases before us, we simply submit the case at bar.

Etheridge, J., delivered the opinion of the court.

The appellant was indicted for forgery, and was tried and convicted on the theory that he was an accessory before the fact of the forging of a check by Worthy Bolton, a negro girl, who was the chief witness for the state. She testified that the appellant offered her two hundred dollars to go away with him; that he had one hundred dollars in money, which he gave to her, and produced a check on the Bank of Batesville which he told her would have to bear the signature of R. W. Towles, because they lived on Towle's place, and under the direction of the appellant she made out the check and signed R. W. Towles' name to it; that the appellant carried her to Batesville; and that she went to the Bank of Batesville, presented the check, and secured the money thereon. It appears that the bank paid the check believing that it was genuine, but in a few minutes Mr. Towles came into the bank, and he was asked about the check, when it was discovered that it was a forgery. Thereupon a search was made for Worthy Bolton, and she was found and arrested, and the money obtained from the bank was found upon her person. She was taken to the bank, where she was told that they knew she had some confederate or some assistance in forging the check, and, if she would disclose the name of the person so assisting her, the bank would try to have the offense made lighter on her. The appellant was not with Worthy Bolton when she cashed the check, and his connection therewith is established by the evidence of Worthy Bolton.

It is first insisted by the appellant that the evidence is not sufficient, because her story was unreasonable. It has been held in a number of instances in this state that the testimony of an accomplice, if worthy of credit, is sufficient to sustain a conviction, although it is not cor-

roborated. We do not think the testimony of the girl so unreasonable upon its face as to be unbelievable, and it was the province of the jury to decide between the testimony of the appellant and that of Worthy Bolton; and we hold that the evidence is sufficient, if believed by the jury, to sustain the conviction.

The second assignment of error is that the court erred in giving instruction No. 1 for the state, which is the only instruction given for the state. This instruction reads as follows:

"The court instructs the jury for the state that, if you believe from the evidence beyond a doubt that the defendant was present and aided, assisted, or abetted Worthy Bolton in writing the check in question, and that he advised her in having the check cashed, and if you do so believe, it is your duty to convict the defendant."

The complaint made of this instruction is that it leaves out the essential element, "with intent to defraud," embraced in the statute upon which the offense is predicated.

In *May* v. *State,* 115 Miss. 708, 76 So. 638, the court was called upon to pass upon the sufficiency of an indictment under this statute, omitting this same clause in the statute. The court held that it was necessary for the indictment to charge that the forgery was done with the intent to defraud, and that this was a fatal defect in the indictment, and reversed the case. The court held, in the case of *William* v. *State,* 128 Miss. 271, 90 So. 886, that, in a prosecution for forgery, where the defendant was prosecuted upon the theory that he was an accessory before the fact and therefore a principal under the statute, it was necessary to charge and prove the facts which would show the guilt of the appellant. Analogous holdings to these are found in *May* v. *State, supra.*

It was therefore error for the court to give this instruction omitting the hypothesis that forgery must be committed with the intent to defraud; and, as no instruction for the defendant cured this omission, the judg-

ment of the lower court must be reversed, and the case remanded.

*Reversed and remanded.*