FESSENDEN BESSE *vs.* CHRISTOPHER DYER & another.

If a reward is offered by the owners of stolen property for its recovery and the detection of the thief, one who gives to them information by which, with reasonable diligence on their own part, they are enabled to recover the property and detect the thief, is entitled to the reward, although he does nothing further to aid in the recovery of the property and con‑ viction of the thief.

CONTRACT brought to recover the amount of a reward of twenty-five dollars offered by the defendants, by a handbill, re‑ citing that two harnesses, which were described, had been stolen from them, and stating thât " the above reward will be paid for the detection of the thieves and the recovery of the property."

At the trial in the superior court, before *Lord*, J., it appeared that on the afternoon of the day when the harnesses were stolen and the reward was offered the plaintiff saw, at a railroad sta‑ tion in North Bridgewater, a box which, as he suspected, con‑ tained them, having upon it the name of F. W. Decoster; and that he watched it until the last train had passed that afternoon, and then went and informed one of the defendants of his sus‑ picions, and his reasons therefor, stating at the same time that he should expect the reward. The plaintiff thereupon went home, and did nothing further to aid in the recovery of the property or detection of the thief, and was not requested to do anything further. The defendants, acting upon the plaintiff's suggestions, procured the assistance of an officer, who opened the box and found it contained the harnesses ; and arrangements were accordingly made to prevent the box from being taken away without the officer's presence, and the next day the person who called for it upon being interrogated, disclosed the person from whom he received it, and that person was thereupon

arrested and convicted of the larceny, and the harnesses were restored to the defendants. The plaintiff was not a witness at the trial for the larceny, and did nothing in the matter except as hereinbefore stated.

The defendants contended that there was no evidence sufficient to authorize a verdict for the plaintiff; but the judge ruled otherwise, and a verdict was accordingly returned for the plaintiff, and the case was reported for the determination of this court.

*W. Colburn,* for the plaintiff.

*E. Ames,* for the defendants.

CHAPMAN, J. An offer of a reward by a public advertisement is to be regarded as a conditional promise. The advertiser states such terms as he pleases, and whoever would entitle himself to the reward must prove that he has performed substantially the service proposed in the advertisement, though it need not be performed literally. In *Fallick* v. *Barber,* 1 M. & S. 108, a person had advertised the loss of a child, and offered that whoever would give information where the child was, so that it might be restored to its friends, should have a certain reward. The defendant had given the information and obtained the reward. The plaintiff had first given the information to the defendant, but it was held that he had not performed the service proposed, and was not entitled to maintain an action against the defendant to recover from him any part of the money. In *Lancaster* v. *Walsh,* 4 M. & W. 16, a person who had been robbed of certain notes advertised that " whosoever would give information whereby the stolen property could be traced should upon the conviction of the parties receive a certain reward ;" and it was held that the person who first gave information to the advertiser which led to the result stated was entitled to the reward. In *City Bank* v. *Bangs,* 2 Edw. Ch. 95, a reward was offered for the recovery of stolen money. The person who gave information to the police officers and pointed out the trunk which contained the money, and in which they found it, was held to be entitled to the reward. In *Crawshaw* v. *Roxbury* 7 Gray, 374, the reward was offered for the apprehension and

conviction of the guilty person. The plaintiff had pointed out the person to the police officers, stated circumstances tending to prove his guilt, and requested them to arrest him. He was accordingly arrested, and was convicted without further aid from the plaintiff. But it was held that the plaintiff had done enough to be entitled to the reward, and that the offer was not to be construed literally.

In the present case the defendants had lost property by theft, and offered a reward for the detection of the thieves and the recovery of the property. The plaintiff, having discovered what he believed to be the stolen property, gave the defendants information where it was, and by means of this information the defendants obtained it; and by keeping watch till it was inquired after, they detected and convicted the thief. All that the plaintiff did was to give them the information which enabled them by reasonable efforts to do this.

But the court are of opinion that the giving of this information to the defendants was, under the circumstances of the case, a substantial performance of the service proposed. When the plaintiff made the communication to one of the defendants, he told him he expected the reward; and that defendant did not inform him that any further service was expected of him or would be necessary. It is plain that the plaintiff could not have identified the property nor proved the theft without the aid of the defendants, and therefore a literal compliance with the terms of the advertisement was impossible. It was necessary that the defendants should do something themselves; and as they did not suggest to the plaintiff, when he performed the service and claimed the reward, that his further services would be necessary, they ought not to make the objection now.

*Judgment on the verdict.*