## MAY v. STATE.

[76 South. 636, Division A.]

1. NAMES. *Idem sonans.*

The words "bowles" and "bowels" are not *idem sonans;* the first being a word of one syllable and the second a word of two syllables. The different positions of the letter "l" in the two words make two entirely different words.

2. FORGERY. *Indictment.. Extrinsic explanatory facts.*

Where extrinsic facts are necessary to be known and considered along with the writing, in order to constitute forgery, an indictment therefor must set out such facts as well as the instrument itself.

3. SAME.

In a prosecution for unlawfully uttering a forged check signed "T. A. Bowels," the indictment alleging that the check was a forged check and that defendant intended to defraud certain parties, among others the bank on which the check was drawn and "T. A. Bowels," the indictment should have alleged the extrinsic explanatory facts that a person by the name of "T. A. Bowles, lived in another town and that defendant, when he cashed the check, told the person who cashed it that it was Bowles' check.

4. FORGERY. *Indictment. Variance.*

Where there is a variance between the indictment and the proof, a motion by the defendant to exclude the testimony of the state should be sustained.

5. FORGERY. *Uttering forged instruments. Instruction. Statutes.*
   In a prosecution, under section 1192, Code 1906, for unlawfully uttering and publishing a forged check, an instruction for the state which, while attempting the statutory definition of the offense, omitted to state that the check was uttered "with intent to defraud" was erroneous.

APPEAL from the circuit court of Leflore county.

HON. F. E. EVERETT, Judge.

Gibb May was convicted of unlawfully uttering and publishing a forged check and appeals.

The facts are fully stated in the opinion of the court.

*Alfred Stoner,* for appellant.

The instruction shown on page 32 of the record informs the jury that if they believe beyond a reasonable doubt that the defendant uttered or passed, or undertook to pass the said check, knowing it to be forged or counterfeit, then they should convict, etc. This instruction is very inaccurately drawn and clearly does not impart the correct law. The jury were not even informed that the check must have been uttered or published as true with the intent to defraud. It is evident that this indictment was found under section 1192 of the Code of 1906, which section is as follows: "Every person who shall be convicted of having uttered or published as true, and with intent to defraud, any forged, altered or counterfeit instrument, or any counterfeited gold or silver coin, the forgery, altering or counterfeiting of which is hereinbefore declared to be an offense, knowing such instrument or coin to be forged, altered or counterfeited, shall suffer the punishment herein provided for forgery."

No intent to defraud is mentioned in this instruction, nor were the jury informed that this check must have been published as true. Testimony as to whether Dr. Bowles signed the check was admitted when the question of the signature of Mr. Bowels was before the court, over the objection of the defendant, also as to whether Dr.

Bowles carried an account with the Bank of Commerce. The facts do not prove nor tend to prove any fact concerning the signature of Bowels as alleged in the indictment.

"Where extrinsic facts are necessary to be known and considered, along with a writing in order to constitute forgery, an indictment therefor must be set out in the facts, as well as the instrument itself. Moreover, the persons whose names are forged to such a certificate must be trustees of the public schools, and this fact must be alleged and proved." *Griffin* v. *State,* 96 Miss. 309, 51 So. 466.

The indictment charged the defendant with an attempt to defraud T. A. Bowels, and of course, was not demurrable, since nothing on its face showed that Mr. Bowels would not be introduced to deny the signature.

"If a writing is so incomplete in form as to leave an apparent uncertainty in law whether it is void or not, a simple charge of forging it fraudently, etc., does not show an offense but the indictment must set out such extrinsic facts as will enable the court to see that, if it were genuine it would be valid." *France* v. *State,* 85 Miss. 687, 35 So. 313. We submit that on the authority of this case alone the case should be reversed.

In conclusion, we respectfully submit that this cause should be reversed and the defendant discharged from jail.

*Gardner, McBee & Gardner,* for appellant.

We respectfully submit that there is error in the record and that this case must be reversed because of the giving of the instruction at page 32 of the record, which is as follows:

"The court instructs the jury that in this case you do not have to believe that the defendant can read or write or that he forged the check in question; it is only necessary that you believe from the evidence in this case beyond a

reasonable doubt that he uttered or passed or undertook to pass said check knowing the same to be forged or counterfeited, and if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Gibb May, did pass or utter or undertake to utter said check knowing it to be false, then you will find him guilty as charged.

The trouble with this instruction is that it disregards the intent necessary to be alleged and proven, and this, we submit, is fatal error.

In the instant case, is it necessary to allege a fraudulent intent? The statute upon which this indictment was found in section 1192 of the Mississippi Code of 1906. *Ivy* v. *The State,* 84 Miss. 265; *Rutherford* v. *State,* 57 So. 224; 19 Cyc. 1427; *Agee* v. *State,* 113 Ala.. 52, 21 So. 207; *Claiborne* v. *State,* 51 Ark. 88, 9 S. W. 851; *People* v. *Wyman,* 148 N. Y. 29, 42 N. E. 408; 12 R. C. L. 152; *State* v. *Sherwood,* 90 Iowa, 550, 58 N. W. 911, 48 A. S. R. 461; *State* v. *Weaver,* 149 Iowa, 403, 128 N. W. 559; Ann. Cases 1912C, 1137, 31 L. R. A. (N. S.), 1046.

We respectfully submit that the giving of the instruction above complained of is error. We think we have shown that it was necessary to allege and prove the fraudulent intent. We further submit that there is fatal error, in this: The prosecution proceeds along the line that the defendant sought to utter a check, which had been forged by some persons who attempted to forge the name of T. A. Bowles, a witness for the state.

Under the indictment in this case, all of this testimony was inadmissible. We do not mean to say that under a proper indictment it might not have been admitted, but, we do contend that in this case, it ought not to have been.

The attorney-general contents himself with the idea that the name "T. A. Bowles," as contained in the indictment is *idem sonans,* with T. A. Bowels.

In the first place, we submit as a matter of fact, this is not correct; one of these names being a word of one

syllable and the other a word of two syllables. *"Idem sonans* means of the same sound or sounding the same." *State* v. *Witt,* 8 Pac. 769, 34 Kas. 488; *State* v. *Griffie,* 123 S. W. 878, 118 Mo. 188; *State* v. *Griffie,* 123 S. W. 878; *Brown* v. *Marqueze & Co.,* 30 Tex. 77.

In the light of the above authorities, we say that "Bowels" and "Bowles" are not *idem.sonans. State* v. *Fay,* 65 Mo. 490; *Brown* v. *People,* 66 Ill. 344; *Porter* v. *State,* 15 Ind. 433; *McClellan* v. *State,* 23 Tex. App. 401, 5 S. W. 248.

In the above case there was in the names used, a difference in syllables, just as in the case at bar. That the indictment by proper allegations should explain the meaning of names when the name signed to a check is meant for another name, we cite: Section 327, Bishop on Statutory Crimes (3 Ed.); *Crawford* v. *State,* 40 Tex. Cr. R. 344, 50 S. W. 378; *Polk* v. *State,* 40 Tex. Cr. R. 668, 51 S. W. 909; 19 Cyc. 1405; *Russell* v. *State,* 40 So. 625; *Macguire* v. *State,* 91 Miss. 151.

We respectfully submit that for the reasons above given, this case should be reversed.

*Frank Robinson,* assistant attorney-general, for the state.

This indictment is based on section 1192, of the Code of 1906, which reads as follows: "Uttering false instrument, counterfeit coin, etc. Every person who shall be convicted of having uttered or published as true, and with intent to defraud, any forged, altered, or counterfeit instrument, or any counterfeit gold or silver coin, the forgery, altering or counterfeiting of which is hereinbefore declared to be an offense, knowing such instrument or coin to be forged, altered, or counterfeited, shall suffer the punishment herein provided for forgery. "

The first error argued by counsel for appellant is, that the court erred in giving the following instructions for the state: "The court instructs the jury for the state,

that you do not have to know that the defendant is guilty
as charged in the indictment, before you can convict him;
it is only necessary that you should believe from the evi-
dence beyond a reasonable doubt that he is guilty. If you
believe from all of the evidence beyond a reasonable
doubt that the defendant is guilty, then it is your sworn
duty to so find.

"The court instructs the jury that in this case you do
not have to believe that the defendant can read or write
or that he forged this check in question; it is only neces-
sary that you believe from the evidence in this case be-
yond a reasonable doubt that he uttered or passed, or un-
dertook to pass, said check knowing the same to be forged
or counterfeit, and if you believe from the evidence in
this case beyond a reasonable doubt that the defendant,
Gibb May, did pass or utter or undertake to utter said
check knowing it to be false, then you will find him guilty
as charged."

It is argued that the state relied for conviction on cir-
cumstantial evidence and this being true, that these two
instructions are incorrect in that they failed to "exclude
every other hypothesis of guilt" and the case *Permenter*
v. *State*, 54 So. 949, was cited.

The argument of appellant is based on the false prem-
ises that the state relied on circumstantial evidence for
a conviction. The evidence is not circumstantial, but is
direct. The most damaging evidence to the appellant
was the statements made to Mr. Schweig and Charlie
Young, in which the appellant stated that Dr. Bowles had
signed the check. The Permenter case, therefore is an in-
apt citation and has no application to the case at bar.

It is also argued that because of the variance between
the indictment and the proof in the spelling of the name,
this was fatal error. I submit that this variance was im-
material. The evidence for the state showed that the
attempt of the appellant was to utter and forge a check of
Dr. T. A. Bowles, and he even claimed to two of the state
witnesses that Dr. Bowles signed the check. The name is

*idem sonans,* and would sustain a plea of former jeopardy, if the appellant were indicted again on the other name.

The only question in the case was one of fact which the jury decided adversely to the appellant. I submit that the court committed no reversible error and that the case should be affirmed.

SYKES, J., delivered the opinion of the court.

The appellant, Gibb May, was indicted in the circuit court of Leflore county for unlawfully uttering and publishing as true a forged check for the sum of $4.00 drawn on the Bank of Commerce of Greenwood, Miss., and signed ".T. A. Bowels."

He was convicted by the jury and sentenced by the judge to serve a term of two years in the state penitentiary, from which sentence and judgment this appeal is prosecuted.

The testimony of the state showed that the defendant got a merchant in Greenwood to cash this check. It was proven that no such man as T. A. Bowels had an account with the Bank of Commerce, and no such man was shown to have lived in the city of Greenwood. The testimony showed that the defendant was an ignorant negro and could neither read nor write. The testimony also showed that there was a party by the name of T. A. Bowles who lived in Greenwood, who was a doctor, and that the defendant, at the time he got this check cashed, told the party who cashed it that it was Dr. Bowles' check.

After the introduction of all the state's testimony, the defendant made a motion to exclude same. Without setting forth in full the defendant's testimony, it is sufficient to say that, if the jury had believed it, he would have been acquitted. The indictment in the case alleged that the check uttered was a forged check, and that the defendant intended to injure and defraud certain per-

ties, among others the Bank of Commerce and T. A. Bowels, and other persons to the grand jury unknown.

The indictment did not allege that this was an attempt to publish or utter a forged check purporting to be that of T. A. Bowles. The testimony, however, all tended to show this. The words "Bowles" and "Bowels" are not *idem sonans;* the first being a word of one syllable, the second a word of two syllables. The different positions of the letter "l" in the two words make two entirely different words. It was necessary for the indictment to have alleged the above extrinsic explanatory facts.

"Where extrinsic facts are necessary to be known and considered, along with the writing, in order to constitute forgery, an indictment therefor must be set out such facts, as well as the instrument itself." *Griffin* v. *State,* 96 Miss. 309, 51 So. 466; *France* v. *State,* 83 Miss. 281, 35 So. 313; *Agee* v. *State,* 113 Ala. 52, 21 So. 207.

It therefore follows that there was a variance between the indictment and proof, and the motion to exclude the testimony of the state should have been sustained.

The court granted the state the following instruction:

"The court instructs the jury that in this case you do not have to believe that the defendant can read or write, or that he forged this check in question; it is only necessary that you believe from the evidence in this case beyond a reasonable doubt that he uttered or passed or undertook to pass said check knowing the same to be forged or counterfeit, and if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Gibb May, did pass or utter or undertake to utter said check knowing it to be false, then you will find him guilty as charged."

The indictment was drawn under section 1192, Code of 1906. One of the necessary ingredients of the crime therein charged is that the same shall be uttered "with intent to defraud." The above charge omitted these words. In the statutory definition of murder, section

1227, Code of 1906, among other things, the homicide must have been committed "without authority of law." This court has several times held that it was error to attempt to define murder under the statute and leave out the words "without authority of law." *Ivy* v. *State,* 84 Miss. 265, 36 So. 265; *Rutherford* v. *State,* 100 Miss. 832, 57 So. 224. The above instruction given for the state was erroneous, because omitting the necessary ingredient of the statutory definition, viz. "with intent to defraud."

*Reversed and remanded.*