## BRADLEY *v.* STATE.

[90 South. 627, No. 21940.]

FORGERY. *Where indictment charges uttering a forged check described and proof shows a different check, variance is fatal.*

Where the indictment charges the uttering of a certain forged check and the proof shows uttering of a different check, the variance is fatal, and conviction will be reversed, notwithstanding accused puts in evidence the alleged uttered check which was not shown to have been forged.

APPEAL from circuit court of Leflore county.

HON. S. F. DAVIS, Judge.

Norman Bradley was convicted of uttering a forged check, and he appeals. Reversed and remanded.

*Gardner, McBee & Gardner,* for appellants.

From the brief of the learned attorney-general which is eminently fair, the state did not introduce any evidence of the check set forth in the indictment and which appears therein at page 4 of the record and it offered no proof as to the forgery or uttering of this check. Brief of assistant attorney-general, page 2. This fact we have argued, and this fact now the attorney-general concedes. Therefore, we say that it is now agreed by both sides in the very language of the attorney-general's brief that the state offered no proof as to the forgery or uttering of the check described in the indictment.

In describing the testimony of the defendant the brief of the attorney-general says: "He admitted that he presented and cashed the check set forth in the indictment, but denied that he knew this check had been forged."

He admitted endorsing the name of the payee on the back of both the checks set forth in the indictment and the check introduced in evidence by the state. From these statements of fact we say that it cannot be said that the evidence

either for the state or the defendant shows that the defendant knew the check described in the indictment was forged and we contend, without fear of contradiction, that his knowledge that the check had been forged was essential.

The indictment was drawn under section 1192, of the Code of 1906. One of the necessary ingredients of the crime therein charged is that the forged check must be uttered, "knowing such instrument or coin to be forged, altered or counterfeited." We respectfully submit that the brief of the assistant attorney-general admits that he had no such proof either in the testimony of the state or the defendant and that therefore, the case must be reversed.

The fact that the defendant knew that the endorsement on the check was forged because he testified that on a day in the latter part of August, he found a pocketbook in the Post Office, at Greenwood; that this pocketbook contained four checks; that one of these checks was dated in August; another was dated in September and the two others were dated in December, 1918. Assistant Attorney-General's Brief, page 2. And that he admitted endorsing the name of the payee on the back of both the check set forth in the indictment and the check introduced in evidence by the state. Assistant-Attorney General's Brief, page 3.

If we should conceive that these facts might render him guilty of forging the endorsement or of uttering a forging endorsement, we can content ourselves on this point with the brief of the assistant attorney-general wherein he says: "But the defendant was not charged with uttering a forged and counterfeit endorsement to a check. He was charged with uttering a forged check. He could have been charged with uttering a forged endorsement, but he was not so charged."

*H. Cassedy Holden,* special assistant attorney-general for the state.

The second question propounded by the court is very troublesome indeed. The state has always admitted that

the court below should have sustained the motion of the defendant to exclude the evidence of the state and direct a verdict of acquittal because of the fatal variance between the indictment and the proof offered by the state. The state charged the appellant with uttering a forged check dated September 26, 1918 for eighty-two dollars. The state did not prove the uttering of the check set out in the indictment, but proved the uttering of an entirely different check, to-wit a check dated December 20, 1918, for eighty-two dollars and fifteen cents. In that situation, the lower court should have sustained the motion to exclude and should have granted a peremptory instruction for the defendant.

Had the defendant rested his case after this motion to exclude was overruled, and had the jury then proceeded to convict the defendant, there would be no question in the world but that this court would have no other course but to reverse the judgment of the lower court. But the defendant did not rest his case after having his motion overruled. He proceeded to get on the stand himself and admit cashing the check set out in the indictment.

However, after all the defendant's testimony was introduced, the court then proceeded to instruct the jury on behalf of the defendant that the defendant could only be convicted, if at all, of uttering the forged check dated December 20, 1918, for eighty-two dollars and fifteen cents. This the court told the jury in instructions No. 7, 9, and 10 for the defendant. In the preparation of the original brief for the state in this case, the writer overlooked these instructions, which appear in the record. The appellant having made no objection to the instructions in his brief, the writer of the brief for the state did not read the instructions in the case. For this oversight, the writer of the brief for the state is sincerely sorry, but offers no excuse save that due to the heavy congestion of the criminal docket for the past few months. It has been absolutely necessary to restrict the time expended in examination and research in each case. Never before in the history of the

court have there been so many appeals in criminal cases. Every time the state files a brief three or more new cases are added to the list.

The three instructions for the defendant, just mentioned, are erroneous. The court should not have restricted the jury to a conviction based upon the check dated December 20, 1918. The defendant was charged with uttering a forged check dated September 26, 1918; he admitted having cashed this check, and the check itself was introduced in evidence. The court should have limited the jury to a conviction based upon this latter check, which was the one set out in the indictment.

So that it appears that reversible error was committed by the court below. A person cannot be indicted for one crime and convicted of another entirely different crime. A person cannot be indicted for uttering a particular forged check and be convicted of uttering an entirely different forged check. And yet the court below instructed the jury that they would be limited to a conviction of the defendant of uttering a forged check entirely different from the one charged in the indictment. The appellant, therefore, stands convicted of a crime with which he has never been charged. The judgment of the lower court should be reversed and the case remanded.

It is to be indeed regretted that this case was so unnecessarily confounded. The defendant was charged with uttering a particular forged check, the district attorney had this check and should have introduced it in evidence. His failure to do so is beyond rational comprehension. Why this appellant was charged with uttering one forged check and proof was introduced that he uttered an entirely different check is certainly as unfathomable as the intricacies of the fourth dimension.

But the situation is far from hopeless. The case can be reversed and remanded and the appellant can be tried anew, and it is to be hoped that the same or similar bizarre method of procedure will not be adopted.

HOLDEN, J., delivered the opinion of the court.

The appellant, Norman Bradley, appeals from a conviction on a charge of uttering a forged check. The indictment charged the uttering of a certain check dated September 26, 1918, for the sum of eighty-two dollars, while the proof offered by the state to sustain the indictment showed that the appellant uttered a check dated December 20, 1918, for eighty-two dollars and fifteen cents. This latter check was introduced in evidence by the state, but the check set out in the indictment was not introduced, nor was there any proof that the check set out in the indictment was forged. Due objection was made by the defendant at the trial, and motion was made at the conclusion of the state's evidence to discharge the defendant because of the variance between the check alleged in the indictment and the check offered in evidence by the state. The objections and motion were overruled by the court.

The appellant took the stand to testify in his own behalf, and put in evidence the check set out in the indictment, thus supplying the proof, which the state had failed to make, as to the check named in the indictment. But the proof in the record fails to show that the check in the indictment was forged. If it had been shown that the check introduced by the appellant was forged, then the appellant would have made out a case against himself under the indictment. But in the absence of this essential proof as to the forgery of the check charged to have been uttered by appellant, the state failed to sustain the indictment.

The prosecutor seems to have made no effort to make this necessary proof, but proceeded throughout the trial upon the theory that the proof of the uttering of the forged check of December date for eighty-two dollars and fifteen cents was sufficient to sustain the charge of uttering the forged check of September 26, 1918, for eighty-two dollars, as set out in the indictment. The instructions to the jury also erroneously proceeded on this theory.

The error of the court in trying the appellant for uttering the check set out in the indictment and permitting proof of his guilt by the introduction of an entirely different check is manifest, and the judgment must be reversed and the case remanded for a new trial; it appearing, as we infer, that the necessary proof was at hand during the trial, and could have been offered by the state.

*Reversed and remanded.*