GRAVES *v.* STATE.*

(Division A.   Oct. 10, 1927.)

[114 So. 123.   No. 26564.]

1. INDICTMENT AND INFORMATION. *Amending indictment for uttering forgery by changing name of payee of check to conform to proof held not error* (*Hemingway's Code* 1927, *sections* 968, 1329).

In prosecution under Code 1906, section 1192 (Hemingway's Code 1927, section 968), for uttering a forgery, wherein it was alleged that defendant cashed a check payable to another, amendment of indictment changing the name of payee as alleged therein to that as developed by proof *held* proper, under Code 1906, section 1508 (Hemingway's Code 1927, section 1329), as not operating to defendant's prejudice; identity of offense not being changed by amendment.

2. FORGERY. *Evidence held to sustain conviction for uttering a forgery (Hemingway's Code 1927, section 968).*

- In prosecution under Code 1906, section 1192 (Hemingway's Code 1927, section 968), for uttering a forgery, evidence *held* sufficient to sustain finding of guilty.

---

*Corpus Juris-Cyc. References: Forgery, 26CJ, p. 971, n. 69; p. 974, n. 44; Indictments and Informations, 31CJ, p. 824, n. 51; p. 826, n. 78.

APPEAL from circuit court of Jefferson Davis county. HON. J. Q. LANGSTON, Judge.

Lorenzo Graves was convicted of uttering a forgery, and he appeals. Affirmed.

*Livingston & Milloy,* for appellant.

(1)   Was the indictment amendable in this case? We maintain that it was not for the reason that the checks laid in the indictment and as amended were different instruments and charged different offenses.   A check as defined by Cyc. is a draft or order upon a bank or banking house, purporting to be drawn upon a deposit of funds for the payment, at all events, of a certain sum of money to a certain person therein named, or to him or his order, or to bearer, and payable instantly on demand. 7 Cyc., page 529. This same authority discusses variances under indictments.

The check as laid in the indictment and as amended constituted two entirely different instruments.   There was more than one fatal variance in the check described and laid in the indictment, namely: (1) The check as laid

in the indictment shows that the payee was "Tanks Keys" and as amended "Tanks Kings," two entirely different persons. (2) There is no number given in the check described in the indictment and as amended the check is numbered "85-150." (3) The check laid in the indictment does not show it was endorsed and as amended it shows endorsement by "Tanks Kings" and "C. V. Jones." And (4) On the back of the check as amended shows (Receiving Teller) (Dec. 11, 1926) (No account). So it is readily seen that there was still a fatal variance between the indictment and the proof offered after the amendment was permitted by striking out the name (Keys) and inserting in lieu thereof the name (Kings). The amendment of the instrument laid in the indictment by striking out the name "Keys" and inserting in lieu thereof the name "Kings," the two names not being *idem sonans,* but being entirely different names and standing for different persons, constituted a complete substitution of different instruments and consequently different offenses.

This seems to be settled by this court in *Bradley* v. *State,* 128 Miss. 114, 90 So. 627. See, also, *May* v. *State,* 115 Miss. 708, 76 So. 636. A person cannot be indicted for one crime and be convicted of another entirely different crime. A person cannot be indicted for uttering a particular forged check and be convicted of uttering an entirely different forged check. And yet the court below instructed the jury that they would convict the appellant of uttering a forged check entirely different from the one charged in the indictment.

The failure of the court below to grant the appellant the right to withdraw the case from the jury and to have his case continued was error. This was such a surprise to appellant as legally entitled him to have his case withdrawn from the jury and have the case continued for the term.

The court below erred in refusing to instruct the jury peremptorily to find the defendant not guilty on the

ground that the state had failed to prove the appellant guilty of any offense.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

The amendment to the indictment. The check as set forth in the indictment read: "Pay to the order of Tanks Keys," while the proof showed the payee in the check to be named "Tanks Kings."

Counsel argue that this amendment should not have been permitted for the reason that the two names "Keys" and "Kings" are not *idem sonans,* and for the further reason that by permitting this amendment to be made the defendant was being tried for an entirely different offense from that with which he had been originally charged.

The court was certainly correct in permitting this amendment under the provisions of section 1266, Hemingway's Code, section 1508, Code of 1906. The variance here was not material to the merits of the case; the identity of the offense was not changed nor could the defendant in any way be prejudiced by this amendment in making his defense to the case. This case on its facts is not nearly so strong as *Mackguire* v. *State,* 91 Miss. 151, 44 So. 802, in which case the court permitted the indictment to be amended so as to change the name of the party alleged to have been defrauded from William Foster to the American Express Company. The court in that case held that the amendment was proper because the identity of the offense was in no wise changed.

The amendment also was properly allowed under the doctrine of *idem sonans.* This case is not similar in any respect to *May* v. *State,* 115 Miss. 708, nor *Bradley* v. *State,* 128 Miss. 114, 90 So. 627.

The variance. Counsel next insist that even though the indictment was properly amended yet there was still a fatal variance between the indictment and the

proof. It was not necessary that the forged instrument be set forth *verbatim* in the indictment but it was necessary only that the same be sufficiently described so as to inform the defendant of the nature and character of the crime of which he was accused. Section 1186, Hemingway's Code, section 1430, Code of 1906. In the case at bar, the forged instrument was certainly set forth in the indictment in such a way as to sufficiently inform the defendant of the crime of which he was charged and it was not necessary that the check number be set forth.

But even though in fact a variance as is urged by counsel, yet the defendant, by reason thereof, was not entitled to an acquittal. If the defendant has been informed of the nature and cause of the crime which he is required to defend, then the variance is harmless and he is not entitled to an acquittal. *Sanders* v. *State,* 141 Miss. 289, 105 So. 523.

The continuance. The counsel next insist that the court was in error in failing to grant the appellant the continuance after the indictment had been amended by the district attorney so as to correspond to the proof. This point is settled contrary to the contention of appellant by the case of *Mackguire* v. *State, supra.*

Sufficiency of the evidence. Counsel argue that the court was in error in refusing to instruct the jury to find the defendant not guilty. Proof for the state in this case shows that Willie Graves, also known as Will Graves, did not sign the check and knew nothing about it. If the state were relying for a conviction on the fact that this defendant forged the name of Will Graves to the check in question, the contention of counsel would possibly be sound. The defendant however, is not charged with the crime of forgery but with the crime of uttering a forgery. The endorsement on the back of a check or warrant properly drawn and properly signed, is not a harmless operation but is a forgery if made fraudulently and for the purpose of obtaining money or goods thereby. *Saucier* v. *State,* 102 Miss. 647, 59 So. 858;

*Thomas* v. *First National Bank of Gulfport,* 101 Miss. 500, 58 So. 478.

In the case at bar, the proof shows that the endorsement was forged and the money obtained by reason thereof, and this of itself is sufficient under the charge of uttering a forgery, even though the check had in fact been properly signed by Will Graves and even though he did in fact have an account in the Bank of Collins.

McGOWEN, J., delivered the opinion of the court.

Lorenzo Graves was indicted and tried in the circuit court of Jefferson Davis county on a charge of uttering a forgery, and was sentenced to serve a term of two years in the state penitentiary. The following pertinent facts are stated:

On December 9, 1926, Lorenzo Graves and another negro appeared in the store of C. J. Jones, near Prentiss, Miss., and together they bought a bill of goods, amounting to four dollars and twenty cents, appellant proffering in payment of this bill of goods a certain check drawn for nine dollars and eighty cents on the Bank of Collins, and purporting to have been signed by "Will Graves," and payable to the order of "Tanks Kings." Mr. Jones accepted this check and gave appellant the change. At this time the check had indorsed on it, "Tanks Kings." Mr. Jones asked the appellant if the indorsement on the back of the check was his (appellant's), and appellant said that it was. The check was deposited by Mr. Jones to his credit in the Blountsville Bank, and by that bank forwarded to the Bank of Collins for collection, and was returned in due course marked, "No account."

On the same night, just a short time prior to the time the check was passed to Mr. Jones by the appellant, said appellant attempted to cash said check at a filling station owned by Mr. William McPhail, in payment for gasoline, and on cross-examination Mr. McPhail testified as follows:

"This man (referring to appellant) give me the check, and I took it and looked at it, and I said, 'Is this the shoemaker at Prentiss?' and he said, 'Yes,' and I said, 'How come him to have money at Collins?' and Keys said, 'Let me see the check,' and took it.''

And on direct examination Mr. McPhail testified that, in answer to a question, the defendant's companion answered:

"Yes, sir; Will Graves, Collins."

The state offered Will Graves, of Prentiss, as a witness, who testified that he did not give the check and did not sign it; that he was a shoemaker and lived near Prentiss; that he always signed his name to checks as "Willie Graves;" and that his name was not "Will," but "Willie.''

During the progress of the trial, the indictment having set up a copy of the check in which "Tanks Keys" was payee, the proof developed that the payee's name was "Tanks Kings." The district attorney made a motion, in writing, to amend the indictment, which motion was sustained by the court in that particular, and an order indorsed on the minutes authorizing the amendment changing the name "Keys" to "Kings" wherever it appeared in the indictment, and he also moved to have the case continued upon his claiming surprise. Said district attorney did not show in what way he was surprised.

The appellant was indicted under section 1192, Code of 1906 (section 968, Hemingway's 1927 Code), for uttering a forgery. We think the amendment did not affect appellant's rights, nor was it shown, in any way, how appellant was affected by the change. *Mackguire* v. *State,* 91 Mass. 151, 44 So. 802. In this case the court permitted the indictment to be amended so as to change the name of the party alleged to have been defrauded from William Foster to the American Express Company. The identity of the offense was not changed in that case, nor is it changed in the instant case by changing the word "Keys" to "Kings." We do not think the case of *May*

v. *State,* 115 Miss. 708, 76 So. 636, is in point, because it does not appear that the district attorney obtained permission of the court to amend by changing the name from "Bowels" to "Bowles," to conform to the proof.

The case of *Bradley* v. *State,* 128 Miss. 114, 90 So. 627, is not in point, because there the proof clearly disclosed an entirely different check to have been forged from that in the indictment, the two checks being introduced on the charge uttering a forgery.

Where no harm is done the defendant and the offense is identical after the amendment, the mere change of the name from "Keys" to "Kings," duly authorized by the court, is proper, and is especially provided for under section 1508, Code of 1906 (section 1329, Hemingway's 1927 Code), and the appellant was not prejudiced thereby; and it was not error to refuse to grant a continuance, where the identity of the offense is not changed, and no harm appears to have been done appellant, as he was fully informed of the nature of the accusation made against him by the grand jury which indicted him.

It was next insisted that the appellant was entitled to a peremptory instruction, because, it is alleged, there was nothing whatever to show that "Will Graves," the name signed to the check, did not in fact sign the check, and there was no evidence on the part of the state to show that the person named as drawer of the check did not in fact live at Collins, or in Covington county, state of Mississippi.

The state did introduce "Willie Graves," of Prentiss, Jefferson Davis county, and appellee insisted that there was no evidence to show that there was not a "Will Graves" living in Collins; and counsel then quotes from the direct examination, but omits to quote from the cross-examination, in which it is made clear that the appellant represented that "Will Graves," the maker of the check, was a shoemaker living near Prentiss. Will or Willie Graves was a shoemaker living near Prentiss, and when the state proved by him that he did not sign or give the

check in controversy, the state had fully met the burden imposed upon it on the charge of uttering a forgery, under section 1192, Code of 1906 (section 968, Hemingway's 1927 Code), and we think that the jury was fully warranted in finding the appellant guilty of uttering a forgery.

There is no merit in any of the assignments of error presented to this court.

*Affirmed.*