COLEMAN *et al. v.* STATE.

(Division B. Nov. 25, 1929.)

[124 So. 652. No. 28248.]

Bratton & Mitchell, of Pontotoc, for appellants.

W. A. Shipman, Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellants were indicted and tried and convicted of robbing Archie Reed.

It appears that Reed lived by himself some ten or twelve miles from the town of Pontotoc. He was awakened one night along about the first of September, 1928, by some one calling him, he went to the door, struck a light, and then opened the door, and the two defendants grabbed him; one of them took the keys from his pocket, opened his wardrobe, and took therefrom a pistol and razor. Reed resisted the attempt to rob him and was struck over the head and dazed. The state's witness testified that he identified the two defendants positively, although they had flour or soda, or something of the kind, smeared around upon their faces. He had known the defendants for several years. After he was robbed he went to a neighbor and disclosed the fact, telling some of the circumstances. On the following morning he tracked them some little distance from his house. One of the defendants, when arrested on information given by Reed, had either flour and grease or soda and grease around his ears and in his hair and eyebrows and undertook to explain it being there on the theory that he was trying to wash the grease out of his hair.

The only error assigned is that the evidence is insufficient to support the conviction. The state's witness Reed was emphatic and positive as to his identification of the defendants; they were in the room of his house and the lamp was burning. It appears that he had am-

ple opportunity to identify them, as they both were in the light and he had known them for some time. It is true the defendants offered a number of witnesses to prove an alibi for each, and each testified that he was not at the scene and that they were not together. There was no impeachment of Reed's testimony by impeaching his credibility or reputation for veracity. It was therefore a question for the jury to determine the truth from the evidence, and in law there was sufficient evidence to sustain conviction. It is well known that some persons have a much higher regard for the truth than others, and one person's reputation may be such in a community that his word would outweigh in the scales of probability that of several other witnesses of less credibility.

The judgment must therefore be affirmed.

Affirmed.