GOODWIN *v.* STATE.

(Division B.   April 10, 1939.)

[187 So. 755.   No. 33556.]

**M. C. Young,** of Aberdeen, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**McGehee, J.,** delivered the opinion of the court.

All assignments of error in this case deal with the sufficiency of the evidence to sustain the conviction of the appellant, who was sentenced to serve a life term in the state penitentiary on a charge of robbery with firearms. The evidence connecting him with the robbery is circumstantial.

The record discloses that Darris Tubb, a 70 year old bachelor, lived alone about two miles from the City of Amory.   During one afternoon, near 4 o'clock, after he had spent the night before at the home of his brother who lived in the same community, he was severely beaten, choked, tied with a rope and robbed by two men of approximately $600 in cash, which was taken from his person.   One of the men was positively identified by their victim as being Verdo Vaughn, who had lived in that community about fifteen years prior to the robbery but

was residing at Birmingham, Alabama, at the time thereof. The appellant, who had never been seen in the community where the crime occurred until about the time of the robbery, resided at Gadsden, Alabama, but was in Birmingham at the time of his arrest. He was seen several times by local citizens in company with Verdo Vaughn on the day of the robbery near the home of Darris Tubb. They were seen sitting on the edge of a bridge a very short distance from his house in the forenoon of the day of the robbery, and shortly thereafter two men, whose identity was unknown to the witness relating the circumstances, were seen going up a ditch from the bridge toward the scene of the crime. Immediately before the robbery, Darris Tubb returned to his home to get some thread, with a view of returning to his brother's house to have some buttons sewed on his clothes, when Verdo Vaughn drew a shotgun on him while the other man beat and choked him into a state of unconsciousness. He was given no opportunity of observing the companion of Vaughn so as to be able to later identify him. It was later discovered that two men had been waiting at the barn for a considerable time for him to return home, as evidenced by numerous cigarette stubs, burnt matches, etc., and as shown by two sets of tracks, which were very distinct due to a recent heavy rain, leading from the barn to the house and thence toward the highway. Shortly after the robbery, Verdo Vaughn and the appellant were seen walking along an old gravel-pit road off the traveled highway, and were seen at other times and places prior to their boarding the train at Amory at 2:25 A. M. for Birmingham, Alabama. When seen at the station at that hour, their shoes were water soaked and their trousers were wet nearly to their knees. They then stated to a police officer that they had just previously arrived from Memphis on a freight train. When the officers went to Gadsden, Alabama, for the appellant, he first denied having been in Amory on the night following the robbery, but later admitted having been there but denied any connection with the crime.

We are of the opinion that in view of the unexplained fact that the appellant was with Verdo Vaughn in this community, where he had never been seen before as aforesaid, both immediately prior and subsequent to the robbery; that his story of having come from Memphis on the freight train was inconsistent with his wet shoes and trousers; that he was seen with Verdo Vaughn near Darris Tubb's house that day, both before and after the robbery; that two sets of tracks led from the barn where Vaughn had been in hiding, to and away from the house; that two men participated in the robbery; and the other facts and circumstances testified to, were sufficient to require a submission of the case to the jury as to the guilt of the accused; and that all of these facts and circumstances were sufficient to sustain the verdict of guilty.

Affirmed.