Kellum *v.* State.

Mar. 10, 1952.

No. 38270 (57 So. (2d) 316)

J. Ed. Franklin and Dan M. Lee, for appellant.

Geo. H. Ethridge, Assistant Attorney General, for appellee.

Hall, J.

This is an appeal from a conviction upon an indictment which charges the uttering of a forgery. The instrument in question was a check drawn on First National Bank of Greenville, purportedly signed by F. J. Smith or G. J. Smith, payable to S. L. Stone, and endorsed "S. L. Stone" on the back thereof. It was negotiated at the mercantile establishment of A. M. Hytken in Indianola, Mississippi, where the person passing the check obtained some wearing apparel and approximately $30 in cash.

At the conclusion of the evidence for the State appellant made a motion to exclude the evidence and direct a verdict of not guilty, which motion was overruled. That action of the court is argued as error. However, after the motion was overruled, the appellant proceeded to offer evidence in his defense. By so doing he waived the error, if any, in overruling his motion to exclude. Patterson v. State, 188 Miss. 718, 196 So. 757; Smith v. State, 205 Miss. 170, 38 So. (2d) 698; Simmons v. State, 206 Miss. 535, 40 So. (2d) 289; Faust v. State, Miss., 43 So. (2d) 379. But since the court did refuse a requested peremptory instruction at the conclusion of all the evidence we will consider appellant's argument on this point as though the same were directed to refusal of the requested peremptory instruction.

Appellant vigorously attacks the State's evidence whereby he was identified as the person who passed the check, but this argument is wholly without merit for the reason that in at least six places in the record appel-

lant was positively identified without wavering or equiv-ocation as the person who negotiated the check and received the proceeds thereof. The question was therefore one for the jury to settle.

Much argument is also made in this connection regarding evidence of an alibi offered by appellant to the effect that he was not in Indianola on January 16, 1950. The proof for the State discloses, however, that Mr. Hytken would not and could not definitely fix January 16 as the date when the check was passed at his store. Moreover, the evidence as to the alibi was a question for the jury, and we cannot say that its verdict is manifestly wrong. Directly in point on the questions of identification and alibi being for the determination of the jury are Coleman v. State, 155 Miss. 482, 124 So. 652; Bryant v. State, 172 Miss. 210, 157 So. 346; and Roberds v. State, Miss., 187 So. 755.

It is also argued that the evidence shows that A. M. Hytken was not personally defrauded but that the goods and money obtained by passing the check were the property of Hytken, Inc., a corporation. That question has no support whatever in the record. Mr. Hytken testified without contradiction that he purchased the mercantile business from the corporation in 1933 and that it has been his individual property at all times since, and that the goods and money obtained by virtue of the check were his own individual property.

It is next contended that the State did not prove that the check was forged. It was the contention of the State that the name of G. J. Smith or F. J. Smith appearing on the check was that of a fictitious person. A banker from Greenville testified that no such person had an account with the bank and that he had lived in Greenville for many years and never heard of such a person. A policeman from Greenville also testified that he had never heard of such a person and that he had made inquiry and had been unable to find any one who ever heard of such a person. The Sheriff of Sunflower County testified

to the same effect. In 37 C.J.S., Forgery, Sec. 82, page 94, it is said: ▮▮ "Evidence that the name signed to an instrument is that of a fictitious person is admissible to prove that the instrument is a forgery, and any circumstantial evidence tending to prove that the name is that of a fictitious person is likewise admissible. Thus persons so situated that they would probably know the signer if he existed may testify that they do not know of any such person. Similarly, evidence as to the result of inquiries made for persons whose names appear on an instrument is admissible to show their nonexistence * * *. In the case of a check it may be shown that the drawer had no account with the bank on which it was drawn, or was not a customer thereof". The State's proof showed that appellant represented the maker of the check to be a man engaged in the business of hauling gravel at Greenville and that the above mentioned witnesses were unable to find any such party. All the evidence on this feature was sufficient to show that the name signed as a maker of the check was that of a fictitious person. Graves v. State, 148 Miss. 62, 114 So. 123.

▮▮ It is also contended by appellant that there is a fatal variance between the indictment and the proof for the reason that the indictment charges that the name of the maker shown on the check is G. J. Smith while the proof shows it to be F. J. Smith. This question was not raised in the lower court and was consequently waived and cannot be raised for the first time on appeal. Smith v. State, 112 Miss. 248, 72 So. 929; Hale v. State, Miss., 176 So. 603; Childress v. State, 188 Miss. 573, 195 So. 583; Hughes v. State, 207 Miss. 594, 42 So. (2d) 805. If the question had been raised in the lower court the indictment could have been amended. Section 2532, Code of 1942; Graves v. State, supra. Moreover, and finally on this point, the original check is before us and the first initial on the check could easily be read as either G. or F. Appellant's counsel evidently thought it was G. J. Smith as charged in the indictment for in four different instruc-

tions requested by him he referred to the maker as G. J. Smith.

Complaint is made against the two instructions granted to the State. We have carefully examined these and find them free from criticism.

Error is also predicated upon the refusal of three instructions requested by appellant. We have likewise carefully examined each of these and are of the opinion that they were correctly refused. The judgment of the court below is accordingly affirmed.

Affirmed.

**McGehee, C. J.,** and **Lee, Holmes** and **Arrington, JJ.,** concur.