## WILLIAMS *v.* STATE

No. 40737          January 27, 1958          100 So. 2d 137

*J. Kenneth Riley,* Monticello, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant was convicted in the Circuit Court of Lawrence County of assault and battery with intent to kill Willie Price. His sole assignment of error is that the court erred in overruling his motion for a new trial, on the ground that the verdict was contrary to the overwhelming weight of the evidence.

Defendant Williams married Willie Price's daughter, Cora Mae. Apparently she and defendant were not living together, because she and their ten-year old daughter were living with Price, her father, at the time of the shooting. Defendant came to Price's house on Sunday afternoon in late June 1957 to see his daughter on her birthday, and stayed a few minutes. Price said that he told him he could come in "if he treated me right", that he meant that defendant "could not come in there and run her (his daughter) out." Price also testified that defendant had been trying to take over all of his business, and would come to his house and "raise sand." Williams left after a brief visit with his daughter that Sunday afternoon.

Price testified that about 7:30 that evening, he finished supper and went out on the porch. He saw defendant about forty-five steps from the porch, standing to the left of a hickory tree, with a shotgun in his hands. Price immediately turned the porch light off, and defendant promptly shot him, the pellets from the shot hitting him on the left side of his head and in his left arm and shoulder. Price said that he recognized defendant before he turned the porch light out, and also after that. The sun was down and it was just about dark, but there was a light in the kitchen. Price said that he had no weapon in his hands, and did not threaten defendant. His identification of defendant was positive.

Thelma Magee lives on the road a short distance from Price's house, which is in the woods. She knew that defendant owned a green Studebaker automobile. About dusk on the Sunday evening of the shooting, she saw a

green Studebaker going down the road past her house and shortly thereafter heard a gunshot. She could not identify the driver of the car.

Price's wife Lula was in the house when the shot was fired, but she did not see the person who shot her husband.

H. L. Daughdrill, a constable, went to the house that night. He found where the man stood who did the shooting, and followed his tracks. He was running and stepped in a mudhole with his right foot. When he arrested defendant early the next morning at Ruby Sims' house, his right shoe was covered with mud. Defendant said that he did not have a gun, having pawned it in Louisiana. Defendant testified in his own behalf, and denied that he owned a gun, but on rebuttal for the State, Willie Keys said that on the Sunday morning of the shooting he was in defendant's house, and saw a shotgun standing next to the door. He lived near defendant. Keys also testified that he saw defendant around 7:30 o'clock that evening going toward his house, and then coming back away from it shortly thereafter.

Defendant denied that he shot Price. He said that there were no ill feelings between them. Two witnesses for defendant testified that they visited Price in the hospital the next day, and he told them he did not know who shot him, but Price denied having made such statements. Ruby Sims stated that defendant came to her house that night at 8 o'clock, and stayed the remainder of the evening. On cross-examination, she admitted that only Williams' right shoe was muddy when he arrived.

The issue of defendant's guilt was properly submitted to the jury. The prosecuting witness Price made a positive identification of defendant, and his testimony was reasonable if believed by the jury. For whatever it was worth, the jury could also consider Constable Daughdrill's testimony with reference to finding the tracks of the assailant running, observing that his right foot step-

ped in a mudhole, and arresting defendant early the next morning with his right shoe covered with mud. Defendant denied that he owned a shotgun, but the jury manifestly believed the testimony of Willie Keys to the contrary, as well as his testimony that he saw defendant going to and leaving his home around 7:30 o'clock that night. Moreover, Thelma Magee, a neighbor of Price, saw someone driving a green Studebaker automobile shortly before the shooting, going toward Price's house, and defendant owned a car of that description. ▮ ▮ Under all of these circumstances, we think that it was a question for the jury as to whether defendant was guilty of the crime charged, and that there was sufficient evidence to support the verdict. Cf. Coleman v. State, 155 Miss. 482, 124 So. 652 (1929); Cody v. State, 167 Miss. 150, 148 So. 627 (1933); Freeman v. State, 89 So. 2d 716 (Miss. 1956).

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.