219 So.2d 913 (1969)
Alton SANDERS, alias Harold White
v.
STATE of Mississippi.
No. 45057.
Supreme Court of Mississippi.
February 3, 1969.
Rehearing Denied March 17, 1969.
Joseph H. Benvenutti, Bay St. Louis, for appellant.
Joe T. Patterson, Atty. Gen., by Guy N. Rogers, Asst. Atty. Gen. and Laurence Y. Mellen, Special Asst. Atty. Gen., Jackson, for appellee.
BRADY, Justice.
This is an appeal by Alton Sanders, alias Harold White, from a verdict of the Circuit Court of Hancock County, Mississippi, finding the appellant guilty of uttering a forgery for which he was sentenced to serve a term of eight years in the Mississippi State Penitentiary. At the conclusion of the State's testimony, a motion to exclude the State's evidence and to grant the defendant a directed verdict was refused. The gravamen of this joint motion is that the State had failed to meet the burden of proof necessary to establish the crime of uttering a forgery and that evidence of the jailhouse identification at which appellant was without *914 counsel and was not placed in a line-up was improperly admitted.
The relevant facts disclosed by the evidence offered in this cause by the State reveal that late in the afternoon on April 8, 1967, the appellant entered the Winn-Dixie store in Bay St. Louis, Mississippi, and went to the office situated therein where Mrs. Joyce Bermond, head cashier, was working and tapped on the window. Neither she nor the appellant spoke, but the appellant presented her with a check drawn on the Loop National Bank of Mobile, Alabama, made by one Harvey Hutchen, payable to the order of Harold White in the sum of $215. In the upper left-hand corner of this check were typed the words "Safeway Construction Company." Mrs. Bermond looked at the appellant and endorsed on the back of said check the initials "J.B." which she encircled and returned the check to the appellant. Appellant thereupon presented to Mrs. Johnson, who was a cashier working in Winn-Dixie, the check which had been endorsed "Harold White" on the back thereof opposite the initials "J.B." Mrs. Johnson cashed the check and gave the appellant the $215 designated on the face of the check. The record discloses that this check was presented to the Hancock Bank and the Hancock Bank in turn forwarded the check to the Merchants National Bank of Mobile. The latter bank returned the check with the notation attached thereto under its name "evidently drawn on us in error." Winn-Dixie has never obtained the $215 which it paid out to the appellant on the above described check.
The record further discloses that there is no bank known as the Loop National Bank of Mobile. Testimony offered by the State also was strongly to the effect that there was no such person known as Harold White, the payee, in Hancock County. Neither was there known a Harvey Hutchens, the purported maker of the check, nor was there known to be in the county a construction company named Safeway Construction Company.
Out of the presence of the jury the record discloses that the appellant was arrested in Picayune, Mississippi, when he endeavored to cash a check in the sum of $204 drawn on the Loop National Bank of Mobile, purporting to be the check of the Safeway Construction Company, payable to Harold White, identical in appearance and in form with the check in the case at bar. This transaction in Picayune took place on Friday, May 13, 1967, an ominous day for the appellant. The assistant manager of the Winn-Dixie store of Picayune, Mr. Richard Carroll, testified that he was familiar with the loss which Mr. Charles Langford, manager of the Bay St. Louis Winn-Dixie store, had sustained by cashing the check presented by the appellant payable to Harold White, and also he had knowledge from Mr. Ed Smith, who manages the Slidell Winn-Dixie store, that the appellant had cashed a similar check there. Subsequent to the presentation of the check in Picayune, Mr. Richard Carroll notified the Police Department of Picayune that the appellant was endeavoring to cash the check, and although appellant, having sensed that he had created some suspicion, was rapidly walking away from the store, he was followed by Mr. Richard Carroll and the manager and they called to him to stop, which he did, having left the check in the sum of $204 when he took "French leave." The police arrived when he was being interviewed by Mr. Carroll and he was arrested and placed in jail in Pacayune, Mississippi, and subsequently transferred to Bay St. Louis.
None of this evidence was admitted but was excluded by the trial court and none of this evidence was heard by the jury. In passing, and conceding that it has no bearing on the merits of this case whatsoever, there was found on the person of appellant numerous credit cards and notes of identification bearing the names of other persons than Alton Sanders or Harold White. Approximately thirty days subsequent to the time that he received the $215 when he presented the fraudulent check he was *915 identified in the sheriff's office by Mrs. Joyce Bermond and Mrs. Loretta Johnson. This identification was not presented by the State, but was brought out extensively by appellant's counsel on cross-examination in his effort to discredit the courtroom identification made by these two witnesses when they were testifying for the State during the trial of this cause. It should be noted that the cross-examination wholly fails to establish any pre-existing arrangement between the sheriff and any witness for the State or between the State and the sheriff.
Three assignments of error are urged by the appellant, the first being that the trial court erred in overruling the motion of appellant to suppress and quash the evidence and the indictment. We find no merit in this assignment for the reason that on its face the indictment stated a violation of the prohibition set forth in Section 2179 of the Mississippi Code 1942 Annotated (1956), which provides as follows:
Every person who shall be convicted of having uttered or published as true, and with intent to defraud, any forged, altered, or counterfeit instrument, or any counterfeit gold or silver coin, the forgery, altering, or counterfeiting of which is hereinbefore declared to be an offense, knowing such instrument or coin be forged, altered, or counterfeited, shall suffer the punishment herein provided for forgery.
The indictment as drawn met the basic requirements of said section 2179.
No cases are cited by appellant in support of the first assignment of error save United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). No later than December 9, 1968, in Poole v. State, 216 So 2d 425 (Miss. 1968), wherein we considered the opinion in United States v. Wade, supra, in Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), and in Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), we pointed out that since the State did not introduce evidence of the alleged illegal extra judicial identification by the witness, the per se rule announced in Wade, supra, was not in effect as to her testimony and that her testimony was competent if an "independent source can be shown by her in her court identification." Just as it appeared in the Poole case, supra, so it appears from the record in the case at bar that the independent source was well established and the effect of the ruling by the trial court was so defined. On the direct examination of both Mrs. Bermond and Mrs. Johnson no mention was made of any pretrial identification to bolster their testimony. All pretrial identification was occasioned by the cross-examination of appellant's attorney who now seeks to avail himself of an error which he sought to create.
The second error assigned is that the State failed to prove all of the elements of the crime of uttering forgery. We find no merit in this assignment of error. Under the rulings of this Court, the testimony of the manager, Mr. Langford, that Winn-Dixie is a corporation was proper and adequate to establish this fact. Osby v. State, 229 Miss. 660, 91 So.2d 748 (1957). Appellant's contention that in order for a check to be forged or counterfeited there must be a bonafide original drawn on real parties is patently erroneous. In fact, evidence that the signee is a fictitious person is admissible to show that the instrument is a forgery. Coward v. State, 223 Miss. 538, 78 So.2d 605 (1955).
The last error assigned is that the court erred in allowing amendments to the indictment at the last stages of the trial as reflected by the record. Section 2532 of the Mississippi Code of 1942 Annotated (1956) provides, among other things:
Whenever, on the trial of an indictment for any offense, there shall appear to be any variance between the statement in the indictment and the evidence offered *916 in proof thereof, in the name of any county, city, town, village, division, or any other place mentioned in such indictment, or in the name or description of any person or body politic or corporate, therein stated or alleged to be the owner of any property, real or personal, which shall form the subject of any offense charged therein, or in the name or description of any person, body politic or corporate, therein stated or alleged to be injured or damaged, or intended to be injured or damaged, by the commission of such offense, or in the Christian name or surname, or both * * * it shall and may be lawful for the court before which the trial shall be had, if it shall consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits, to order such indictment and the record and proceedings in the court to be amended according to the proof, whenever it may be deemed necessary by the court to amend such indictment, record, and proceedings * * * and after such amendment, the trial shall proceed in the same manner, and with the same consequences in all respects, as if a variance had not occurred * * *.
The amendments requested by the State and granted by the trial court were occasioned by typographical errors committed by the district attorney's secretary in the preparation of the indictment and, as frankly admitted by the district attorney, were not detected by him until the case had been called for trial. The amendments which were requested by the State and allowed by the court consisted in rectifying mistake in the name of the county in the affidavit which was changed from Harrison to Hancock County as authorized by Section 2532, supra, the correction of Safety Construction Company to Safeway Construction Company, the amending of the surname of the maker of the check in question from Harvey Hutchenson and Harvey Hutchensen to Hutchen, and the striking of the words "Loop National Bank of Mobile, a corporation" from the indictment. The proof which was offered thoroughly justified these amendments, there being no Loop National Bank of Mobile, Mobile, Alabama, in existence, and the check itself showing that it was made by Harvey Hutchen and that it was a check of the Safeway Construction Company. The amendments allowed could not possibly have taken the appellant by surprise. No request for a continuance was made by appellant and the appellant's rights were not prejudiced nor was his defense affected by the amendments which were granted in order that the indictment might conform to the proof. Gillespie v. State, 221 Miss. 116, 72 So.2d 245 (1954); Kellum v. State, 213 Miss. 579, 57 So.2d 316 (1952); Graves v. State, 148 Miss. 62, 114 So. 123 (1927). It follows, therefore, that no reversible error was committed by the trial court and the judgment is therefore affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES and SMITH, JJ., concur.