INZER, Justice:
Appellant John L. Davis was indicted, tried and convicted in the Circuit Court of Warren County for the crime of armed robbery. He was sentenced to serve a term of ten years in the State Penitentiary. From this conviction and sentence he appeals, we affirm.
The only assignment of error briefed and argued is that the trial court was in error in overruling appellant’s motion for a new trial because the verdict of the jury was against the overwhelming weight of the evidence.
The evidence on behalf of the state established that David C. Kinnebrew was alone in Shipley’s Donut Shop in the City of Vicksburg at about 8:25 P.M. on September 4, 1971, when two men entered the shop. One of the men, later identified by Kinnebrew as being appellant, drew a small caliber black automatic pistol and forced Kinnebrew to give him the contents of the cash register amounting to about $140. Kinnebrew’s testimony identifying appellant as the robber was positive and unequivocal. His testimony was not in any way impeached.
Appellant testified in his own behalf and denied that he was guilty of the robbery. He testified that at the time the robbery is alleged to have occurred, he was several blocks away at the Eagle Blue night club participating in a dice game. Appellant’s wife and two other witnesses testified that appellant was at the Eagle Blue at the time the robbery is said to have occurred.
In Coleman v. State, 155 Miss. 482, 124 So. 652 (1929), we held that in a prosecution for robbery the positive and unequivocal testimony of one state witness identifying the defendants as the persons who robbed him, such witness not being impeached in any manner known to law, was sufficient to sustain a conviction, although the defendant and several witnesses testified to an alibi. We have cited this case with approval a number of times since.
The issues of identity and alibi were for the determination by the jury and after a careful study of the record in this case, we cannot say that the jury was manifestly wrong in finding appellant guilty or that their verdict is against the overwhelming weight of the evidence. For this reason this case must be and is affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.