SMITH v. STATE.

[72 South. 929.]

CRIMINAL LAW. *Variance. Objection. Waiver.*

Where an indictment charged defendant with stealing a cow belonging to several parties, but the evidence showed that it belonged to only one of them who died after it was stolen but before the indictment, leaving the other named owners as his heirs at law, the defendant in order to take advantage of the variance between the allegations and the proof should have objected specifically on that ground, whereupon under Code 1906, section 1508, the indictment could have been amended to correspond with the proof, and defendant failing to do this could not avail himself of such variance on appeal.

APPEAL from the circuit court of Warren county.
HON. E. L. BRIAN, Judge.

Alex Smith was convicted of grand larceny and appeals.

The facts are sufficiently stated in the opinion of the court.

*W. E. Mollison,* for appellant.

There was a fatal variance between the allegation of ownership laid in the indictment and the evidence adduced on the trial.

The indictment charges that "a certain cow, the property of Ethel Young, Mathew Young, John Young and Perry Young, was feloniously taken." The proof shows unmistakably that the cow was the property of Berry Young the father, who was killed long after the cow was taken, and who had discovered its whereabouts in his lifetime. The state showed by John Young, one of the owners laid in the indictment (page 23 of the record) that he, Ethel, Mathew, and Perry, Jr., had inherited this cow from Perry, Sr. The evidence shows that if taken at all feloniously, the crime was complete during the lifetime of Perry, Sr., and as no one can be heir to the living there was no title in the four persons named in the indictment. No citation of authorities is required to show this learned court that the conviction in this case was improper and ought to be reversed. The court will pardon the pleader for naming a few of the cases which establish the doctrine beyond question, that in the question of ownership the *allegata* and *probata* must agree or conviction will not be sustained.

We quote from 25 Cyc. page 888: In an indictment for larceny the ownership of the property must be alleged." *Turner* v. *State,* 124 Ala. 59; *People* v. *Piggot,* 126 Cal. 509; *Buffington* v. *State,* 124 Ga. 24; *State* v. *Ellis,* 119 Mo. 437; and others. The same authorities, 25 Cyc. page 89.

"The allegation of ownership is material and must be proved as alleged in order to secure conviction." *McBride* v. *Commonwealth,* 13 Bush, Ky. 337; *Commonwealth* v. *Williams,* 1 Va. Cas. 14, and the citations following from the English and Canadian courts.

In the American Criminal Reports the court held in volume 13, page 712, 35 So. 65: "that where the indictment charged an assault upon Rosa Lee Nelson and the evidence showed that the person was Rosa Lee Ann, the court held that the conviction must be reversed."

We admit that it was entirely proper for the state to have requested permission to amend this indictment during the trial, but it did not elect to do so and so we have a conviction which upon its face is wholly improper, and the court might properly have set the conviction aside on its own motion. In a recent case in this court decided at this very sitting, *Griffin* v. *The State*, the court held that it is the duty of the trial judge to protect the interest of a defendant. (Advance sheet So. Rep.)

*Ross A. Collins*, Attorney-General, for the state.

Since the appellant himself admits taking the cow, under certain circumstances, there remains only to consider the alleged error contained in the variance between the proof and the indictment in regard to the ownership of the cow. At the time she was stolen it is admitted that she was the property of Perry Young, but when the indictment was found, Perry Young was dead, having met death in the manner above related, and consequently it devolved upon the state to aver ownership in the heirs of Perry Young, which were his four children as laid in the indictment, the record showing that his wife was dead. It is the appellant's contention that ownership should have been laid in Perry Young. But he overlooks the fact that a dead man can have no property in goods and chattels, and that an indictment laying the ownership in the deceased would have been improper. The proper way of laying ownership in such a case should be in executor or administrator, or else in the person or persons entitled to the immediate possession and con-

trol of the property. 12 Ency. of Pl. and Pr., page 971. This was exactly what was done in this case, the ownership having vested in the four sisters and brothers the title was properly averred to be in them.
PER CURIAM.

### ON SUGGESTION OF ERROR.

Appellant was indicted and convicted of stealing a cow, alleged in the indictment to have been the property of Ethel, Matthew, John, and Perry Young. The evidence discloses that the cow, when stolen, was the property of "old man" Perry Young, who died after it was stolen and before the finding of the indictment, leaving as his heirs at law his children, the persons alleged in the indictment to be the owners of the cow. No objection was made to this variance between the proof and the indictment, but two instructions were granted appellant charging the jury that ownership must be proven as laid in the indictment. If appellant desired to avail himself of this variance he should have objected specifically on that ground, so that the attention of the court and opposing counsel might be called thereto, and, having failed so to do, he cannot now avail himself thereof, for the reason that had such an objection been made, the indictment could have been amended to correspond with the proof. Section 1508, Mississippi Code 1906; *Foster* v. *State,* 52 Miss. 695.

*Affirmed.*