CHILDRESS *v.* STATE.

(In Banc. April 29, 1940.)

[195 So. 583. No. 34199.]

**W. I. Munn,** of Newton, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**Ethridge, J.,** delivered the opinion of the court.

The appellant, Booker T. Childress, was indicted in the Circuit Court of Newton County for the murder of Myrtle McCune. He was arraigned, plead not guilty, and on the trial, the proof showed that the person killed was Nettie McCune. However, no objection to the variance between the proof and indictment was made on the trial. There is no proof in the record that Nettie McCune and Myrtle McCune were one and the same person, or

that the deceased was known by both names. The trial proceeded throughout with the proof showing that the deceased was Nettie McCune, and that the appellant killed her. It is unnecessary to set out the facts showing this to have been murder, this having been shown clearly, and beyond all reasonable doubt by the proof. The appellant, by his testimony, admitted the killing, but undertook to set up as a defense therefor that the deceased had attacked him with a knife and ice-pick. However, shortly after the occurrence the appellant had made a confession, which was introduced on the trial, in which he admitted the deed, but refused to give a reason therefor. There were also eye-witnesses to the killing, which the overwhelming weight of the evidence shows to have been a cold blooded murder, unprovoked by any act which would mitigate or justify it in any degree.

The question of the variance in the names used in the indictment and in the proof is raised here for the first time. The only point argued as a ground for reversal is: "That the verdict of the jury is contrary to the law and the evidence in this case because the indictment charges that the defendant killed and murdered Myrtle McCune, while all of the testimony in the case showed that the defendant shot and killed Nettie McCune and the testimony further fails to show that Myrtle McCune and Nettie McCune are one and the same person, and for that reason the verdict of the jury should be set aside, and a new trial awarded—as there is a variance in the indictment and the proof." There was an assignment as to an argument alleged to have been made by the district attorney, but it is not briefed and therefore waived.

In former decisions of like cases, it was held that a variance between the name used in the indictment and the proof was fatal error and could be raised here for the first time. Clark v. State, 100 Miss. 751, 57 So. 209, 38 L. R. A. (N. S.) 187, Ann. Cas. 1914A, 463; and McBeth v. State, 50 Miss. 81; but, in the case of Horn v. State, 165 Miss. 169, 147 So. 310, the case of Clark v. State, supra was expressly overruled, and this overruling

necessarily overruled the case of McBeth v. State, supra. The writer dissented in the case of Horn v. State, supra, and his reasons therefor appear in a report of the case. However, a personal opinion of a Judge should yield to the decision by the Court as a whole; for when a majority of the Court speaks, it speaks as the voice of the State, and is binding in effect until and unless overruled. Unless mischievous in its effect, and resulting in detriment to the public, a case will not be overruled although wrongly decided. Such cannot be said of this case; and we cannot say that it is wrongly decided, because a majority of the Court held it to have been decided rightly. In cases holding in accordance with the majority opinion, there the principle is established that objection to such variance must be raised during the trial in the court below, and cannot be raised in this Court for the first time. See Hall v. State, 166 Miss. 331, 148 So. 793; Hale v. State (Miss.), 176 So. 603; Smith v. State, 112 Miss. 248, 72 So. 929; Thomas v. State, 103 Miss. 800, 60 So. 781; Hoskins v. State, 106 Miss. 368, 63 So. 671.

We have examined the entire record and find no reversible error therein, but the only point argued on appeal is the one here decided. It follows that the judgment of the court below must be affirmed, and Wednesday, the 12th day of June, 1940, is fixed as the date for execution.

. Affirmed.