COLEMAN *v.* STATE.

(In Banc.   Oct. 8, 1945.)

[23 So. (2d) 404.   No. 35945.]

Cecil A. Rogers, of Meridian, for appellant.

Greek L. Rice, Attorney General, by Geo. H. Ethridge, Assistant Attorney General, for appellee.

**Griffith, J.**, delivered the opinion of the Court.

Two of appellant's five assignments of error are not argued and therefore do not require review. Two others are not well taken for reasons not necessary to elaborate upon.

As to the remaining assignment, appellant has good grounds for her complaint. It was competent for the state to show the motive of appellant in attempting to burn the house, if she did so, and it was competent, therefore, to show that appellant was intensely enamored of a man believed by her to be in the house with another woman and that her purpose, driven by her jealousy, was to burn him out of there, as two or three witnesses say she threatened at the time. When this motive was shown it was enough, so far as her relations with this man and his relations with her were concerned; but the cross-examinations by the prosecuting attorney both of the defendant and of the man in the case, who was one of her witnesses, were permitted to descend into inquiries which were put and stressed in such manner as to introduce incidental or collateral matters of a highly inflammatory nature and which had no place in the trial either as a matter of propriety or of fairness.

We do not pursue the details except to say that at points in this record it is difficult to tell whether the prosecution was for the attempted arson laid in the indictment, or whether for unlawful cohabitation, or whether the arraignment was for immorality in general.

Appellant's counsel vigorously objected to all this collateral and excessive matter, and repeatedly did so without avail. Incompetent evidence pressed upon the jury as this was, especially if of an inflammatory character, is presumed to have been harmful, and it is only when we can say with confidence that it had, in all probability or likelihood, no such effect that we may decline to reverse on account of it. This record does not present a case so

conclusive of guilt that we may assume to say that what was done here was of no harm, with the result that the judgment must be reversed and the case remanded for a proper trial.

Reversed and remanded.