TERRELL, Justice.
July 6, 1948, Jasper Merchant, while employed by International Paper Company, suffered an accidental injury which resulted in the loss of his left eye. He was paid compensation 175 weeks for permanent partial disability. Thereafter he developed an occupational disease, from which he was totally disabled and was paid compensation 55 weeks for temporary total disability, the time of such payments being November 29, 1952 to December 23, 1953. By order of the Deputy Commissioner dated May 11, 1954 he was found to be totally disabled.
At the hearing when the order of May 11, 1954 was entered, the Deputy Commissioner took into consideration the 175 weeks compensation paid respondent for permanent injury resulting from the loss of his eye and on authority of Section 440.15(5)(b), F.S.A. deducted said 175 weeks compensation from the 700 week? allowed for permanent total disability. He also deducted the 55 weeks compensation paid respondent for temporary total disability, leaving a balance of 470 weeks compensation due.
From the order of the Deputy Commissioner of May 11, 1954, the employee appealed to the full commission. The employer also appealed to the full commission from the holding of the Deputy Commissioner that the 500 weeks compensation provided by Section 440.15(5)(b), F.S.A. was the total compensation allowed the employee. The basis of the latter contention is that Section 440.15(5) (b), F.S.A. *624 provides that when two permanent injuries have been suffered by the same employee, 500 weeks is the total compensation allowed rather than 700 weeks contended for.
September 7, 1954 the full commission entered its order reversing the Deputy Commissioner and holding that the injury of July 6, 1948 should be completely ignored and that the employee be allowed the full 700 weeks compensation plus the 55 weeks temporary total disability and that no account should be taken of the 175 weeks compensation for permanent injury from the loss of an eye. We are confronted with an appeal by certiorari from the order of the full commission.
The petitioner urges two questions for adjudication but in our view the real point in controversy is whether or not under the facts stated Jasper Merchant, the employee, is entitled to 700 weeks compensation for permanent total disability plus payments made for temporary total disability without deduction of payments made, account of the prior injury.
The answer to this question turns on the interpretation of Section 440.15, F.S. as amended, F.S.A. The petitioner contends that the answer is found in Section 440.15 (5) (b) which limits the total compensation in this case to 500 weeks. Such was the holding of the Deputy Commissioner who reasoned that temporary total disability, account of the occupational disease, ended December 23, 1953, after payment of 55 weeks compensation. On review of this holding the Florida Industrial Commission entered its order modifying the finding of the Deputy Commissioner to provide that “payments of permanent total disability shall be made for a period of seven hundred (700) weeks, commencing on December 23, 1953; that the payments of fifty-five (55) weeks compensation for temporary total disability shall not be deducted from such payments of permanent total disability; and that the payment of one hundred seventy-five (175) weeks compensation for the loss of an eye shall not be deducted from such payments for permanent total disability.”
As predicate for this conclusion the full commission reasoned that F.S. § 440.15, F.S.A. provides four distinct classes of disability, viz., permanent total disability, temporary total disability, permanent partial disability and temporary partial disability and that each class of disability has a maximum period for which compensation may be paid. When that period expires as in this case and payments are made before another class of disability commences there is no provision for deducting prevous payments.
It is contended that Section 440.15(5)(b) is in irreconcilable conflict with Section 440.15(1) but when read in historical aspect we find no such conflict. Even if there were such a conflict the last expression of the legislature, Chapter 26877, Acts of 1951, F.S. § 440.15(1), F.S.A. would control. By giving play to both acts the 500 week limitation in Section 440.15(5) (b) has no application to the facts of this case but applies in those cases where two or more injuries may be combined to render the claimant totally disabled. In this case the injuries are totally without connection and we find no authority to deduct previous payments from the present unrelated injury. We are not impressed with the contention that the attorney’s fee allowed is excessive.
It is accordingly our view that the Deputy Commissioner was in error in holding that payments for the loss of an eye should be deducted from the 700 weeks compensation allowable. It is proper under the facts of this case that the 55 weeks compensation for temporary total disability should be deducted. Otherwise the order of the full commission was correct. The petition is accordingly granted with instructions to the commission to enter its order in compliance with this opinion.
MATHEWS, C. J., and HOBSON and ROBERTS, JJ., concur.