PRINCE, et al. *v.* NICHOLSON

No. 40307 January 7, 1957 91 So. 2d 734

*Watkins & Eager, Shelby Rogers,* Jackson, for appellants.

*Jesse P. Stennis,* Macon, for appellee.

HOLMES, J.

This appeal involves a claim of the appellee, Howard Nicholson, against his employer, R. E. Prince, and the latter's insurance carrier, T. H. Mastin & Company (Consolidated Underwriters), who are appellants here, for compensation benefits under the provisions of the Mississippi Workmen's Compensation Act as amended. It is the claim of the appellee that while in the employment of the appellant, R. E. Prince, on January 18, 1954, in Noxubee County, Mississippi, he suffered a cerebral hemorrhage, resulting in a stroke which paralyzed his entire right side, and that said injury arose out of and in the course of his employment and has totally disabled him and is compensable.

After a full hearing, the attorney-referee found that the claimant's injury arose out of and in the course of his employment and was compensable; that his average weekly wage was $30 per week; that he reached maximum recovery within six month after the date of his stroke; and in accordance therewith, the attorney-referee ordered that the employer and the insurance carrier pay medical benefits as provided in the Act, and pay the claimant compensation at the rate of $20 per week from January 18, 1954 to July 15, 1954, for tempo-

rary total disability, and $20 per week for permanent total disability from July 16, 1954, not to exceed 450 weeks or the maximum of $8600, whichever shall be the lesser in amount.

On a review of the attorney-referee's findings and order by the full commission, the said findings and order were affirmed and on appeal to the circuit court the same were likewise affirmed. The circuit court in its order found and adjudged that the employer and carrier both failed to file any notice of their desire to controvert the claimant's claim and made no report of the claimant's injury for more than fourteen days after he had knowledge of such injury, and it was therefore ordered that in addition to other benefits to be paid to the claimant ten percent thereof be paid in accordance with Subsections (d) and (e) of Section 6998-19, Vol. 5A, Mississippi Code of 1942. It was further ordered by the circuit court that all medical and/or drug, hospital and ambulance expenses incurred and to be incurred as the result of the claimant's injury be paid, with legal interest from their respective due dates. It was further recited in the order of the circuit court that an attorney's fee of forty percent of the sums recovered be allowed claimant's attorney for his services pursuant to a contract entered into between the claimant and his attorney. This appeal is prosecuted from the judgment of the circuit court.

On January 18, 1954, the appellant, R. E. Prince, was operating a sawmill in Noxubee County, Mississippi. The claimant, who was then 62 years of age, was employed to work at said mill and the duties of his employment required him to roll logs from a ramp to make them available for the saw carriage, which duties the claimant performed by the use of a cant hook. The claimant had been working for his employer, according to the testimony of the employer, for a period of approximately nine months prior to the date of the injury,

and according to the testimony of the claimant, for a period of approximately two years prior to the date of the injury. On the morning of January 18, 1954, it was cold and the ground was frozen. The claimant reported for work at about seven o'clock in the morning and began his duties as a log-ramper. During the course of his work it was observed by some of his co-workers that he was sweating. The mill had been operating from fifteen minutes to an hour, as variously estimated by the witnesses, when the saw struck a nail and it was necessary to discontinue the sawmill operations and file the saw. The claimant, with other co-workers, went a short distance to a sawdust pile where there was a fire. The claimant had put on his wife's stockings that morning for warmth. He sat down on the sawdust pile by the fire and removed one of his shoes for the purpose of warming his foot. One of his co-workers began to joke him about having on his wife's stockings. It was all in good humor and no one was mad. The claimant put his shoe back on and about that time one of the co-workers in the mill, Ed Brookshire, started to walk by the claimant, who was then sitting on the sawdust pile. The claimant reached or grabbed for the leg or pants leg of Brookshire, causing Brookshire to stumble and fall and the claimant immediately fell back exclaiming that his arm was broken and that his head was bursting. It was first thought by his co-workers that he was joking, but it was soon discovered that he was in severe pain, suffering pain in his right arm and in his neck and that he had a marked stiffness of the neck, and that he had suffered paralysis in his right leg and right arm. He was taken in a truck to a hospital in Macon, where he was first attended by Dr. J. W. Grossnickle. Dr. Grossnickle then sent him to the Charity Hospital in Jackson where Dr. Jack H. Phillips was called in as a consultant and examined him. He also went to the Matty Hersee Hospital in Meridian where he was attended by Dr. E. Zinke.

Dr. Grossnickle, a witness for the claimant, testified that in his opinion the claimant's work was a contributing cause of the stroke and that the stroke followed a cerebral hemorrhage. Dr. Phillips, a witness for the employer and carrier, testified that the cause of the stroke was most likely a cerebral vascular accident, but that he would not say that the activities of the claimant's employment caused the hemorrhage, nor would he say that it did not cause the hemorrhage. Dr. Charles Neill of Jackson, Mississippi, a witness for the employer and carrier, examined the claimant on April 1, 1955. He at first was of the opinion that the stroke was caused by a thrombosis and that if such was the cause of the stroke it was not causally connected with the claimant's employment. Upon being advised, however, that the claimant experienced a stiffness of the neck from the onset of the attack, Dr. Neill expressed it as his opinion that the claimant had suffered a cerebral vascular accident, and that his employment on January 18, 1954 was a contributing factor to the attack. Dr. E. Zinke, testifying as a witness for the employer and the carrier, expressed the opinion that there was no causal connection between the claimant's employment and the stroke which he suffered. On cross-examination, however, in response to a question as to whether or not the claimant's labor contributed in some degree to the precipitation of the stroke, he said that he thought it contributed in some degree.

The appellants contend that the proof is wholly insufficient to show any causal connection between the claimant's work and his attack, and that, therefore, the findings and order of the commission are not supported by substantial evidence and should be reversed. We are of the opinion that the record does not sustain the appellants in this contention. The overwhelming weight of the medical testimony shows that the employment in which the claimant was engaged was a contrib-

uting cause of his attack. It is well settled under the decisions of this Court that the work of the employee need only be a contributing cause and not the sole cause of the injury in order that the injury be deemed to arise out of and in the course of the employment. Mississippi Products Co., Inc. v. Gordy, 80 So. 2d 793, and cases there cited.

 It is further contended by the appellants that if there was causal connection between the work and the claimant's attack, it was brought on by reason of the fact that the claimant engaged in horseplay and was the aggressor in such occurrence. We are of the opinion that this contention is not supported by the evidence. We have not heretofore decided the question of liability of an employer for injuries resulting to an employee from horseplay where the claimant is the aggressor. Joe N. Miles and Sons, et al v. Myatt, 215 Miss. 589, 61 So. 2d 390. We do not decide that question now and it is unnecessary that we do so for two reasons. In the first place, the proof in our opinion is wholly insufficient to show that the claimant's injury resulted from horseplay. The claimant himself testified the he grabbed the leg or pants leg of his co-worker to keep from falling when the attack came on him. This testimony of the claimant is not only not contradicted by other evidence but it is corroborated by the testimony of other witnesses who said that when the claimant grabbed at his co-worker's leg or pants leg he immediately fell over, exclaiming that his arm was broken and that his head was "busting". In the second place, Dr. Grossnickle and Phillips testified without contradiction that the mere act of the claimant in reaching or grabbing for the leg or pants leg of his co-worker was not sufficiently strenuous to bring on or precipitate the claimant's attack.

 Appellants further contend that the attorney-referee's calculation as to the average weekly wage of the claimant was in error and not in accordance with

Section 6998-16, Vol. 5A, Mississippi Code of 1942. The undisputed evidence is that the claimant was paid for his labor 75¢ an hour for an 8-hour day and a 5-day week. According to the evidence for the employer, the claimant had been working for the employer for a period of approximately nine months prior to the date of the injury. There was introduced in evidence by the employer his time book, from which it appeared that the claimant had worked at irregular intervals over said period of nine months and had earned during that period approximately a total of $593. On the other hand, the claimant testified that he had been working for the employer for approximately two years prior to the date of his injury and that he worked regularly, and he was corroborated as to the regularity of his work by at least one of the other witnesses. This conflict in the evidence was resolved by the commission in favor of the claimant and we are unable to say that the finding of the commission on this issue was manifestly wrong, and hence we are not warranted in disturbing such finding.

The record discloses that the attorney-referee the commission, and the circuit court awarded compensation at the rate of $20 per week from January 18, 1954 to July 15, 1954, for temporary total disability, and $20 per week for permanent total disability form July 16, 1954, not to exceed 450 weeks or the maximum of $8600, whichever shall be the lesser in amount. The proof is undisputed that the claimant was totally disabled from the date of his attack. We are, therefore, of the opinion that he is not entitled to compensation for temporary total disability from January 18, 1954 to July 15, 1954, and then to compensation for permenent total disability from July 16, 1954 not to exceed 450 weeks or the maximum of $8600 whichever shall be the lesser in amount. We have recently held in the case of Bob Morgan v. J. H. Campbell Construction Company and United States Fidelity and Guaranty Company, No. 40,289, decided

November 19, 1956 and not yet reported, that where the claimant's disability has been total from the date of the injury the period of 450 weeks prescribed as a limitation shall be calculated from the date of the injury. In that case, the Court said: "We are of the opinion that under the Mississippi statute and under the foregoing authorities the claimant is not entitled to recover both for temporary total disability up to May 17, 1954 and then to start over again and recover for permanent total disability for a period of 450 weeks after May 17, 1954, or the maximum of $8600, for the reason that his entire disability relates back to the beginning of his rating of temporary total disability and that such disability later became permanent as of the date of the injury, it having proved to be a permanent disability all of the time from the date of the injury up to now."

Accordingly, the judgment of the court below should be and it is hereby modified so as to provide that the weekly benefits to be paid the claimant be at the rate of $20 per week for permanent total disability from January 18, 1954, not to exceed 450 weeks or the maximum of $8600, whichever shall be the lesser in amount.

■■ ■ It further appears from the record that the circuit court allowed to the claimant's attorney as an attorney's fee for his services forty percent of the benefits recovered, in accordance with a contract entered into between the claimant and said attorney. We have heretofore definitely held, however, that the fee for all services of a claimant's attorney in workmen's compensation cases should not exceed 33-1/3% of the sum recovered. Sunnyland Contracting Co., Inc. v. Davis, 221 Miss. 744, 75 So. 2d 638; Mississippi Federated Cooperatives v. Jefferson, 79 So. 2d 723; Pigford Bros. Construction Co. v. Evans, 83 So. 2d 622. The judgment of the circuit court will therefore be modified so as to show the allowance of an attorney's fee to the claimant's attorney of 33-1/3% of the sums recovered.

We are accordingly of the opinion that the judgment of the circuit court as so modified in the particulars hereinbefore mentioned should be and the same is hereby affirmed.

Affirmed as modified.

*McGehee, C. J.*, and *Hall, Lee* and *Arrington*, JJ., concur.

## ON MOTION TO DISALLOW DAMAGES

LEE, J.

Appellants have filed a motion to disallow the damages of ten percent, under Paragraphs (d) and (e), Section 6998-19, Vol. 5A, Code of 1942, adjudged against them by the circuit court in its affirmance of the award by the Commission.

In the original presentation of this cause, the appellants neither assigned, briefed, nor argued this question.

In Childress v. State, 188 Miss. 573, 195 So. 583, the Court said: ''There was an assignment as to an argument alleged to have been made by the district attorney, but it is not briefed and therefor waived.''

In Coleman v. State, 198 Miss. 519, 23 So. 2d 404, the Court said: ''Two of appellant's five assignments of error are not argued and therefore do not require review.''

In Hassell v. State, No. 40,358, decided January 21, 1957, but not yet reported, it was said: ''On his appeal here, three alleged errors are assigned. However two of them are not argued, and of course, they do not require review'', citing Childress v. State, supra, and Coleman v. State, supra.

The Court therefore declines to consider now a point which was not assigned, briefed or argued on the original presentation. Neither will the Court, save in exceptional cases, examine a point raised and presented for the first time in a suggestion of error.

Dixie Greyhound Lines, Inc. v. Miss. Public Service Commission, 190 Miss. 704, 200 So. 579, 1 So. 2d 489.

Motion overruled.

*McGehee, C. J.,* and *Hall, Holmes* and *Arrington, JJ.,* concur.