HASSELL *v.* STATE

No. 40358          January 21, 1957          92 So. 2d 194

*W. C. Jones, A. G. Busby, Jr.,* Waynesboro, for appellant.

*John H. Price, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

LEE, J.

From a conviction for the sale of intoxicating liquor and a sentence of $250.00 and costs and 30 days in jail, James Hassell appealed.

James R. Cochran, Sheriff of Wayne County, employed two colored men, W. C. Jordan and George Johnson, to do undercover work in the county. These men testified that about 7 o'clock Sunday evening, March 18, 1956, they saw the defendant at Cooley's Cafe in the Town of Waynesboro and asked him where they could get a drink. He told them to follow him. He led the way in his car, and they followed in their automobile, all of the parties going past the defendant's home to a lumber stack. At this point, he got the half pint of liquor and delivered it to Jordan, who paid him $1.50. He told them at the time to be careful as the sheriff had just caught him the day before with a quart of liquor. The undercover men went immediately to the sheriff and delivered the liquor to him.

The defense was an alibi. The defendant testified that, on this particular Sunday, he attended church services near Butler, Alabama, from about 10 o'clock in the morning until 9 o'clock that night. Two other witnesses gave corroboration to his version. He also denied that he made the sale in question and denied that he had ever seen the State witnesses before the trial.

██ ██ On this appeal, three alleged errors are assigned. However, two of them are not argued, and of course they do not require review. Childress v. State, 188 Miss. 573, 195 So. 583; Coleman v. State, 198 Miss. 519, 23 So. 2d 404.

The other assignment alleges reversible error in the refusal of the court to grant the following instruction: ''The court instructs the jury that no person should be convicted upon his reputation, character, or former convictions, but must be convicted by the evidence in the case, and the evidence must exclude any and every reasonable doubt, and to a moral certainty.''

The defendant, on cross examination, admitted that, on the 23rd day of March, 1956, he was convicted of possessing liquor on the Saturday before. This admission was corroborative of the testimony of the two undercover men that, at the time of the sale to them and in admonishing them to be careful, the defendant said that the sheriff had caught him with liquor the day before.

The instruction is a rescript of one which was refused in McVay v. State, (Miss.) 26 So. 947. See also Alexander's Mississippi Jury Instructions, Section 2223, page 517; Wingo's Mississippi Criminal Law and Procedure, Section 1651, page 440. Because of the refusal of that instruction and another, the conviction in that case was set aside, and the cause was remanded for a new trial.

The Attorney General concedes that, if the instruction had dealt only with former convictions and not with character and reputation, it would not have been er-

roneous; but that it was properly refused because no evidence was offered about the defendant's character or reputation.

██ █ It must be borne in mind that an accused can not be convicted of crime simply because of his bad character or reputation, or because in the past he has been convicted of other crimes. The particular offense must be charged and proved. In the case here, the defendant was charged with selling liquor. ██ █ His conviction of possessing liquor the day before was not evidence of the sale in this case. It went only to his credibility as a witness. Section 1692, Code of 1942. But since the alleged sale, denied by the defendant, occurred the day after the possession for which he was convicted, there could have been a strong temptation to the jury to decide that the defendant was a prevaricator, and to reason that, if he had liquor on Saturday, he was likely selling it the next day.

██ █ The loss or impairment of credibility adversely affects both character and reputation. If the jury, on account of the previous conviction, discounted the worth of the defendant's evidence, then undoubtedly he suffered a slump insofar as their estimate of his reputation was concerned, without reference to the status of his character. The terms "character" and "reputation" are often used interchangeably and as synonyms, although there should probably be a distinction to the effect that character is what one is, whereas reputation is what one is thought to be.

██ █ The theory of the requested instruction was that the jury was required to believe from the evidence, beyond reasonable doubt, that the defendant made this particular sale of liquor, and that they were not warranted in convicting him for the sale merely because of his former conviction for possessing liquor and the probable attendant bad character and reputation arising therefrom.

The instruction ought to have been given. For the error in refusing it, the cause is reversed and remanded for a new trial.

Reversed and remanded.

*Roberds, P. J.,* and *Hall, Kyle* and *Holmes,* JJ., concur.