O’CONNELL, Justice.
In this workmen’s compensation case we are required to decide whether, under the statutes as they existed in January 1953, the petitioner-employer is entitled to deduct compensation previously paid for temporary total disability from sums awarded for permanent total disability when the claimant was totally disabled from the date of the accident to the date of finding of permanent total disability.
Our answer to this question will affect only this case and others governed by Sec. 440.15(1) (a), F.S.A., as it existed prior to July 1, 1955. Before that date compensation for permanent total disability was limited to 700 weeks. On that date the 700 weeks limitation was removed and compensation is now required to be paid during the continuance of the total disability. Thus the question here presented would not now arise under the statute as amended in 1955.
The facts are simple. In January 1953 claimant fell, injuring her head in a com-pensable accident. Under various orders claimant was found to be temporarily totally disabled from the date of the accident, as a result of which the employer paid claimant compensation for temporary total disability for 350 weeks, the maximum required by Sec. 440.15(2), F.S.A.1951.
Thereafter in 1960 claimant sought further medical treatment, compensation for permanent partial or permanent total disability and other benefits. The last claim resulted in the order which the petitioner-employer attacks in this proceeding.
*538 In this order the deputy found claimant to be permanently and totally disabled as a result of the accident and that the permanent disability commenced on July 22, 1961. He ordered the employer to pay claimant compensation for permanent total disability for 700 weeks, the maximum allowed under Sec. 440.15(1) (a), F.S.A.1951, specifically rejecting the employer’s contention that it be allowed to deduct from the 700 weeks permanent total disability payments the 350 weeks previously paid for temporary total disability. The result of the deputy’s order was to allow claimant a total of 1050 weeks compensation.
On application for review the Full Commission affirmed the deputy’s order and the employer has petitioned for certiorari.
The employer contends that this Court’s decision in International Paper Company v. Merchant, Fla.1955, 77 So.2d 622, compels a decision in its favor. We agree.
In the Merchant decision this Court said, “It is proper under the facts of this case that the 55 weeks compensation for temporary total disability should be deducted.” from the 700 weeks permanent total disability ordered to be paid to Merchant.
The court did not explain the reasoning upon which it allowed the temporary total disability payments to be credited against or deducted from the permanent total payments. Nevertheless the essential facts of the Merchant case, as reflected in the record on file in this Court, are so similar to the facts in the case now before us as to dictate the same result.
In the Merchant case the claimant, on November 22, 1952, was disabled by emphysema and dermatitis. For 55 weeks he was paid temporary total disability during which time he was given extensive medical treatment, hut despite substantial improvement he continued to be totally disabled. It appears from the Full Commission’s order in that case that during the period of temporary disability the treating physicians were undecided “as to the possibilities of claimant’s chances of recovery.” The deputy found that the temporary disability ceased and the permanent disability commenced on December 23, 1953, some 55 weeks after disability began. He allowed the employer to deduct the 55 weeks temporary total payments. On review the commission reversed' the deputy but in certiorari proceedings in' this Court that part of the deputy’s order allowing the deduction was reinstated.
In its order in the Merchant case the Full Commission, in support of its reversal of that part of the deputy’s order allowing the-55 weeks to be deducted, said:
“We see no reason why an injured worker cannot suffer a period of temporary total disability, during which time there is expectation of substantial improvement, followed by a finding that such expectations did not materialize and the claimant is adjudged permanently and totally disabled. Compensation paid during the period of temporary disability should not be deducted' from payments due for the total disability finally adjudged to be permanent as in this case.”
As reflected by the reported opinion in the Merchant case this Court did not agree with the Commission’s reasoning.
In the instant case the claimant, while admitting that she has been totally disabled continuously from the date of the accident, argues that during the time in which temporary total disability was paid to her there was a reasonable expectation that her condition could be substantially improved by psychiatric treatments. She argues in effect that this reasonable expectation of improvement requires that her disability during that period be classified as temporary and not as permanent. The evidence shows that claimant was in the J. Hillis Miller Medical' Center from March 1961 to July 22, 1961, during which time she underwent tests and' treatment. She was released on July 22, 1961 with a diagnosis of organic brain damage which was causally related to the-accident of January 1953. Prior to entry-into this institution claimant had been treated and examined by numerous physicians,. *539 none of whom had discovered the brain damage and most of whom felt her condition could be improved by extensive psychiatric treatment. The physicians at the Medical Center testified that her prognosis was poor and that there was little chance that she could ever be gainfully employed.
Sec. 440.15(1) (a) F.S.A.1951, provided that:
“In case of total disability adjudged to be permanent, sixty per cent of the average weekly wages shall be paid to the employee during the continuance of such total disability; but in no event shall such payments be made in excess of seven hundred weeks.”
Sec. 440.15(2) F.S.A., provides that:
“In case of disability total in character but temporary in quality, sixty per cent of the average weekly wages shall be paid to the employee during the continuance thereof, not to exceed three hundred fifty weeks * *
In this case the evidence shows that the claimant’s total disability has been permanent from its inception and that the expectation of improvement was not well founded. In fact the evidence indicates that her brain tissues have deteriorated and her condition worsened rather than improved.
We do not think the above quoted statutory provisions permit the construction urged by claimant and adopted by the deputy and the Full Commission in this case.
In Sec. 440.15(1) (a), supra, the legislature clearly limited payments for “total ■disability adjudged to be permanent” to a total of 700 weeks. In this case, despite the expectation of substantial improvement, the evidence shows that the disability has been permanent from its inception. The mere expectation of improvement, however ill or well founded, cannot change the fact that the disability here has been total and permanent at all times.
While it is not material to our decision, we point out that there is no evidence to support the finding of the deputy that claimant’s disability became permanent on July 22, 1961. The only significance of this date is that claimant was released from the J. Hillis Miller Medical Center with diagnosis of brain damage on that day.
Had the legislature intended, in a case such as this, that the claimant receive temporary total compensation in addition to that allowed for permanent total, it seems reasonable that it would have so provided as it did where temporary total is followed by permanent partial disability. Sec. 440.-15(3) specifically provided that the compensation prescribed to be paid for permanent partial disability shall be “* * * in addition to that provided by * * * ” Sec. 440.15(2), i. e., in addition to payments for temporary total disability.
We therefore conclude that under the act as it existed in January 1953 the legislature intended that a maximum of 700 weeks compensation be paid for a disability adjudged to be total and permanent. The deputy’s order requiring the employer to pay 700 weeks compensation in addition to the 350 weeks already paid, or a total of 1050 weeks, was incorrect. The employer should have been ordered to pay only an additional 350 weeks.
The result of the Merchant case supports this conclusion. In addition the employer cites 99 C.J.S. Workmen’s Compensation § 305, pp. 1103-1104, and the Mississippi cases of Morgan v. J. H. Campbell Co., 1956, 229 Miss. 289, 90 So.2d 663, and Prince v. Nicholson, 1957, 229 Miss. 718, 91 So.2d 734, which also support the conclusion we have reached. The employer also calls our attention to decisions of the Florida Industrial Commission in which the commission reached the same result as we have here. See Sickler v. Maule Industries, Inc., 2 FCR 247; Davies v. Migalez Corp., 2 FCR 318; and Yokeley v. Hall, 3 FCR 104.
For the reasons above expressed the writ of certiorari is issued, the order of the Full Commission is quashed and this cause *540 is remanded for further proceedings consistent herewith.
It is so ordered.
DREW, C. J., and ROBERTS, THOR-NAL and CALDWELL, JL, concur.