BRADY, Justice.
This is an appeal from the judgment of the Circuit Court of Forrest County, Mississippi. The appellant, Michael Charles Murphy, was tried and convicted of aiding and abetting in the breaking and entering of the building of Mr. and Mrs. W. A. Thompson. He was sentenced to serve six years in the Mississippi State Penitentiary. The record discloses these essential facts.
On April 25, 1968, at approximately. 7:15 P.M., Mrs. John C. Fisher, whose home is adjacent to the home of Mr. and Mrs. W. A. Thompson which was burglarized, heard a scraping noise coming from the Thompson home. The two residences are separated only by flower beds, shrubbery and a few trees. Mrs. Fisher immediately telephoned the new residence of Mr. and Mrs. W. A. Thompson, situated in some other part of the city of Hattiesburg, advising Mr. Richard Thompson, the son of Mr. and Mrs. W. A. Thompson, of what she had heard. Richard Thompson immediately called the city police and reported the incident, requesting them to investigate. In approximately fifteen minutes Richard Thompson drove to his former home to find out what the police had discovered. Not seeing any police cars situated along 23rd Avenue or in the driveway of the old Thompson home, he drove partially around the Block in which his old home and Mrs. Fisher’s home are located, driving into Mrs. Fisher’s driveway from 24th Avenue. He left his car in Mrs. Fisher’s driveway and went to the back of her home, walking toward a large oak tree and a bird bath situated near the southeast corner of the Fisher home. Richard Thompson heard what he thought was a window being *488 slammed and persons running through the shrubbery near the old Thompson home. Though unarmed, he commanded the persons to stop or he would shoot. Two men stopped, one briefly, who then ran off. The appellant put his hands on the top of his head and stood there. Mr. Thompson talked in a loud voice in order to attact attention, and within a few seconds Patrolman DuBose came from behind the old Thompson home through a gap in the shrubbery and held a flashlight on the appellant. DuBose searched him, handcuffed him, and took him into the Thompson yard where they met Mr. Tom Oglesby, Captain of the Hattiesburg Police Department.
The record discloses that Captain Ogles-by received a call over his two way radio to go to the old Thompson home. He was accompanied by City Policeman Laird and he parked in the Thompson driveway a short distance behind the car of Officer DuBose. Captain Oglesby testified that he could see all across the front of the old Thompson home and as he looked he saw a man running in front of the home. The man had a large box, which turned out to contain clothing, which he dropped about eight or ten feet from the window, and kept running. Captain Oglesby lost sight of the man after he ran through the shrubbery, but saw him a few seconds later after Officer DuBose and Mr. Richard Thompson brought the man back through the shrubbery or hedge. Captain Oglesby testified that the person he saw run from the window and drop the box was the same man whom Officer DuBose had apprehended and arrested.
The record discloses that the Thompson home had been closed and locked, the front door being padlocked, and the windows had been nailed shut. Forcible entry was made through the west front window which had been forced down from the top and which showed prized marks in two or three places. Mrs. Thompson identified in the courtroom the sundry items which were in the box as having come from her home and belonging to her and to other members of her family.
The explanation which the appellant, who was a student at the University of Southern Mississippi, made for his presence at the house at the time it was being burglarized is involved but is not of importance in resolving the cardinal issue presented in this case. We do not reach the question of whether the jury was justified in finding the defendant guilty on the positive evidence which was offered together with some circumstantial evidence in this cause.
The controlling issue before the Court in the case at bar is simply whether or not the State exceeded its authority in the introduction of certain irrelevant testimony involving the commission of another crime and whether the appellant was prejudiced thereby so that he did not obtain a fair trial. After the appellant finally objected and was given a continuing objection the State continued to repeatedly emphasize and cross-examine the appellant with reference to his living with one Sherry Louise Canning who had been his room-mate for several months prior to the time of his arrest. The record discloses that subsequent to his arrest he married Miss Canning. It should be noted that Miss Sherry Louise Canning was arrested, on the same date the appellant was arrested, for the possession of “Cannabis Sativa,” commonly known as marijuana. The decision of this Court in Canning v. State, 226 So.2d 747, 750 (Miss. 1969), states as follows :
The newspaper set forth in detail the arrest of Michael Charles Murphy, who was arrested in connection with an alleged burglary. It was said he “was allowed to make a telephone call from the police station and was overheard telling someone to go to his apartment and get the stuff out of the closet and dump it.” The officers, acting on this information, secured a search warrant and, while po *489 lice at the apartment were awaiting the arrival of the officers with a search warant (sic), Miss Canning arrived and was arrested as she attempted to enter the building.
While the State had a right to have the witnesses describe the appellant as to his clothes and personal appearance, the State did not have the right to belabor the facts calculated to show that appellant was guilty of unlawful cohabitation and inject into the trial of this case the commission of that crime.
There is no merit in appellant’s contention that the verdict is so vague and indefinite that it will not support a conviction of burglary, or that the verdict was insufficient to clearly express the intent of the jury. There is also no merit in the error assigned by the appellant that the jury verdict did not exclude every possible hypothesis of innocence and that the jury convicted the appellant on the basis of circumstantial evidence. While there is some circumstantial evidence in this case, this is not a case of purely circumstantial evidence because there is direct evidence offered by the State which is not circumstantial. It was error and we cannot say that it was not reversible error for the trial court to permit the State of Mississippi to continue to cross-examine the appellant about irrelevant matters, including and tending to establish the unlawful cohabitation of the appellant with Miss Canning. This, of course, could have prejudiced the minds of the jurors selected to try this case. A defendant is entitled to be tried solely upon the violation charged in the indictment and we cannot with any assurance hold that the appellant was accorded this constitutional and statutory right.
We conclude that this case is controlled by the facts and rule of law as set forth in Coleman v. State, 198 Miss. 519, 23 So.2d 404 (1945). This principle of law was upheld in Pendergraft v. State, 191 So.2d 830 (Miss.1966).
For this reason the judgment is reversed and the cause remanded to the Circuit Court of Forrest County, Mississippi.
Reversed and remanded.
. ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.