278 So.2d 400 (1973)
Alvin KELLY
v.
STATE of Mississippi.
No. 47305.
Supreme Court of Mississippi.
May 29, 1973.
Roy N. Lee, Forest, W.D. Moore, Alford & Mars, Philadelphia, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Special Asst. Atty. Gen., Jackson, for appellee.
INZER, Justice:
Appellant Alvin Kelly was indicted, tried and convicted in the Circuit Court of Neshoba County for the crime of rape. He was sentenced to life imprisonment in the State Penitentiary. From this conviction and sentence he appeals. We reverse and remand.
The proof on behalf of the state established that on the night of December 21, 1971, appellant was with a group of Indians at a nightclub in Neshoba County. Included in the group were Bernice Bell, thirteen or fourteen year old Indian girl, her sister Betty Clemons, and her cousin, Jesse Bell, a sixteen year old Indian boy. They were drinking beer and other intoxicating drinks furnished by appellant. Bernice became drunk and passed out. She was placed on a bench in the nightclub and after she had fallen from the bench two or three times, Jesse Bell and Betty Clemons carried her and put her on the *401 back seat of appellant's car. Jesse Bell testified that at about midnight he asked appellant to carry Bernice home, and appellant agreed to do so. They left the nightclub with appellant and Jesse in the front seat and Bernice passed out on the back seat. Jesse testified that when they reached a church, appellant turned the car off the road and stopped. Appellant then asked Jesse if he wanted to have intercourse with Bernice, and he told him he did not, but Jesse then got in the back seat, removed Bernice's hot pants and panties, and had intercourse with Bernice while she was unconscious. When Jesse had finished he asked appellant if he was going to do it too, and appellant replied that he was. Appellant then got in the back seat where he had intercourse with Bernice who was still passed out. Jesse said they drove on to where Bernice lived, and appellant stopped near her home. Appellant told Jesse to get her out of the car, and he did so. He said that after moving Bernice she came to and they left her sitting beside the road. Appellant then drove Jesse home and told him not to say anything about their having intercourse with Bernice.
Appellant testified on his own behalf and denied that he had furnished Bernice anything to drink. He said that Bernice had passed out and someone did put her on the back seat of his car. He said that Jesse Bell did ask him to carry Bernice and him home, and he did so. He said that he followed Jesse's directions and drove straight to the house where Jesse said Bernice lived. He stopped and let Jesse and Bernice out of the car and left them in the road. He denied that he had intercourse with Bernice Bell or that he ever touched her. He drove immediately home and the next time he heard about the incident was two or three days later when he heard that Bernice was dead.
The record reflects that the body of Bernice Bell was found in a roadside ditch filled with water near her home about 5 p.m. on December 23, 1971. After the body was embalmed an autopsy was performed by Dr. Julian C. Henderson, a qualified pathologist. Dr. Henderson testified that in his opinion Bernice Bell met her death by drowning. He examined her female parts and found two cuts or tears of the hymen and also found sperm and a high level of acid phosphatase were present which indicated that this substance was deposited as a result of sexual relations.
Dr. Henderson took color photographs of the body of Bernice including pictures of her genital organs. He was permitted over the objection of appellant to show the jury colored slides of the genital organs.
Appellant assigns as error a number of grounds for the reversal of this case, but we will only discuss those which we think merit any discussion. The principal error assigned is that the trial court erred in allowing the state on rebuttal to contradict the testimony of appellant and his wife on an immaterial and collateral matter by hearsay testimony. The state in answer to this assignment does not contend that appellant and his wife were not contradicted as to an immaterial matter, but contends that appellant failed to preserve the error by making proper objection to the testimony. After careful consideration of the record, we are of the opinion that the objections made were sufficient to preserve this point. Appellant's wife testified in his behalf and on cross examination the district attorney questioned her relative to her husband running around with Indian girls. She was also asked if she did not on two occasions some months prior to the alleged rape call the Indian agent's office on the telephone and report that her husband had left home and was with a Choctaw girl. She was also asked if she did not report in July 1971 that her husband had been away from home for three days and was with an unknown Choctaw girl. She denied having made any such calls to the Indian agent. On cross examination appellant was asked if he was not away from home for three days in July without his wife knowing his whereabouts. In rebuttal the state called as a witness Richard N. *402 Johnson, the agency special officer for the Bureau of Indian Affairs. He testified that he was custodian of the records of the police department of the agency, and over the objections of the appellant the state introduced memorandum police reports made by someone other than the witness. One of the reports reflected that a person who identified herself as Mrs. Alvin Kelly called the police department on July 9, 1971, and reported her husband had left home on July 6, and she had heard that he was with an unknown Choctaw female. Another report showed that she called in March 1971 and reported her husband missing and that she was informed that he was with an unknown Choctaw female. The effect of the foregoing testimony was to impeach the testimony of appellant and his wife as to an immaterial matter and under the facts and circumstances of this case, it is obvious that it was highly prejudicial and constitutes reversible error. The rule is well settled in this state that it is error to contradict a witness about an immaterial or collateral matter. Some of the cases holding to this effect are: Murphy v. State, 231 So.2d 487 (Miss. 1970); Price v. Simpson, 205 So.2d 642 (Miss. 1968); Cofer v. State, 158 Miss. 493, 130 So. 511 (1930); and Williams v. State, 73 Miss. 820, 19 So. 826 (1896).
The error here was compounded by allowing the state to introduce into evidence and have the witness Johnson read the police reports to the jury. We held in Spears v. State, 241 So.2d 148 (Miss. 1970), that it was reversible error to allow the state to introduce into evidence a laboratory report without producing the technicians who made the tests and prepared the report. We pointed out that this was hearsay testimony which denied the defendant the basic and fundamental right to be confronted by the witness as well as the right of cross examination.
Appellant assigns as error the admission of the testimony of Dr. Henderson and especially that part allowing him to exhibit color slides of the body of Bernice Bell to the jury. We find no error in the admission of the testimony of Dr. Henderson relative to the autopsy performed by him. The question of whether he should have been allowed to exhibit to the jury color slides that were made of the genital organs of the deceased has caused us some concern. Appellant argues with the logic that the doctor had testified as to what he found relative to his examination of the genital organs of the girl and allowing the doctor to exhibit color slides to the jury had no useful purpose other than to inflame their emotions. However, it is a well-settled rule in this state that it is the duty of the trial court to determine whether photographs have evidentiary value. In this case the trial judge determined that color slides had evidentiary value and admitted them in evidence. We cannot say that the court abused its discretion in so doing. Ford v. State, 227 So.2d 454 (Miss. 1969). The fact that the pictures in this case were color slides does not alter the rule. If they have probative value they are admissible under the same circumstances and conditions as are black and white photographs. 29 Am.Jur.2d Evidence § 798, pp. 878, 879.
We find no merit in appellant's contention that the trial court was in error in permitting the use of an interpreter in taking the testimony of Jesse Bell. After this witness had answered less than a dozen questions, the court interrupted the questioning and remarked that it was apparent that the witness did not sufficiently understand the English language to answer the questions that had been asked by the district attorney and in his opinion an interpreter was necessary. A hearing was then had in chambers relative to the ability of this witness to understand the English language, and the court then finally determined that an interpreter was necessary and found an interpreter who was duly sworn as required. Section 1529, Mississippi Code 1942 Annotated (1956), authorized the use of an interpreter when necessary *403 and we cannot say from the record in this case that the trial court abused its discretion in determining that the use of an interpreter was necessary. 88 C.J.S. Trial § 42, p. 101.
Appellant also contends that the trial court was in error in permitting the district attorney to use inflammatory and prejudicial remarks and tactics during the entire trial which prevented the defendant from receiving a fair trial. We need not pause to develop this assignment of error; however, the record does indicate that the district attorney did to some extent exceed the proper bounds in the trial of this case. All that we need to say about this assignment is to repeat here what we said in McCaskill v. State, 227 So.2d 847 (Miss. 1969), wherein it is said:
Assignment of error number four deals with alleged prejudicial conduct on the part of the District Attorney, but we do not deem it necessary to detail the instances pointing to what is contended constituted such conduct for the reasons we do not anticipate they will arise again on another trial. However, we do deem it proper to point out that although it is the duty of the district attorney to prosecute a case with diligence, he should guard against doing or saying anything that would prejudice the minds of the jurors and tend to cause them to decide a case on something other than the evidence. In his argument to the jury he should not inject statements of facts and conclusions not justified by the evidence. It is a part of his duty to see that the defendant as well as the State receive a fair and impartial trial. Adams v. State, 202 Miss. 68, 30 So.2d 593 (1947); Allen v. State, 175 Miss. 745, 166 So. 922 (1936).
(227 So.2d at 852).
See also: Spears v. State, supra.
There are other errors assigned but they are either without merit or will not likely recur on another trial of this case.
For the reasons stated, this case must be and is reversed and remanded.
Reversed and remanded.
GILLESPIE, C.J., and SUGG, WALKER and BROOM, JJ., concur.